```
 1  DAVID L. NEALE (SBN 141225)
 2  JULIET Y. OH (SBN 211414)
    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
 3  10250 Constellation Boulevard, Suite 1700
    Los Angeles, California 90067
 4  Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
    Email: dln@lnbyb.com, jyo@lnbyb.com
 5
 6  Proposed Attorneys for Chapter 11 Debtor
    and Debtor in Possession
 7
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:17-bk-12213-CB |
| SOLID LANDINGS BEHAVIORAL HEALTH, INC., | Chapter 11 |
| Debtor and Debtor in Possession. | **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION OF CASES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | [Declaration of Katie S. Goodman filed concurrently herewith] |
| | Date:         June 5, 2017<br>Time:         2:00 p.m.<br>Courtroom:  5D<br>Location:    411 West Fourth Street<br>                   Santa Ana, California |

# SUMMARY

Pursuant to 11 U.S.C. § 105 and Rule 1015 of the Federal Rules of Bankruptcy Procedure, Solid Landings Behavioral Health, Inc. ("Solid Landings"), a California corporation and the debtor and debtor-in-possession in the above-captioned Chapter 11 case, hereby moves, on an emergency basis (the "Motion"), for the entry of an order for joint administration of its bankruptcy case with the bankruptcy cases of its affiliates, Cedar Creek Recovery, Inc. ("Cedar Creek"), EMS Toxicology ("EMS Toxicology"), Silver Rock Recovery ("Silver Rock"), and Sure Haven, Inc. ("Sure Haven," and collectively with Solid Landings, Cedar Creek, EMS Toxicology, and Silver Rock, the "Debtors"), who are debtors and debtors-in-possession in related Chapter 11 bankruptcy cases pending before this Court.

The Debtors together provide individualized 12-Step and alternative treatment programs for people suffering from substance abuse and mental health disorders, with facilities located in California, Nevada, and Texas.

Each of the Debtors, other than Sure Haven, is owned in equal proportions by three (3) shareholders, Stephen Fennelly, Elizabeth Perry, and Mark Shandrow.  Sure Haven is also owned by a fourth shareholder, John Case, so that its ownership is as follows: (i) Stephen Fennelly – 33.34%; (ii) Elizabeth Perry – 33.33%; (iii) Mark Shandrow – 32.33%; and (iv) John Case – 1.0%.

The Debtors undertook the process of marketing their businesses and assets many months before the commencement of their bankruptcy cases.  In connection with their pre-petition efforts to market their businesses and assets, the Debtors received, and ultimately executed on April 12, 2017, a letter of intent (the "Letter of Interest") from Alpine Pacific Capital, LLC ("Alpine"), pursuant to which Alpine expressed its interest in acquiring substantially all of the assets of the Debtors for aggregate consideration of approximately $9,050,000, free and clear of any interests, liens and liabilities except those expressly set forth in the Letter of Interest, through a sale conducted under 11 U.S.C. § 363.  Thereafter, the Debtors and Alpine, with the input of the Debtors' primary lender, CapStar Bank, negotiated the terms of and finalized a written asset

purchase agreement which the Debtors and Alpine (or its designees) ultimately executed on June 1, 2017 (the "APA"). Through their bankruptcy cases, the Debtors intend to pursue and consummate the sale of their businesses and/or assets, free and clear of any interests, liens and liabilities, to Alpine (or a successful overbidder) in the most expeditious and cost-effective manner possible, in order to preserve and maximize the value of the Debtors' assets for the benefit of all creditors.

Based on the foregoing, Solid Landings believes that the Debtors' cases are inextricability intertwined and that the vast majority of the issues and matters that arise in the Debtors' cases will be interrelated, and that any transaction or exit strategy pursued in connection with such bankruptcy cases will necessarily involve all five of the Debtors. Accordingly, Solid Landings believes that joint administration of the Debtors' bankruptcy cases is appropriate.

Joint administration will avoid duplicative expenses and will ensure that creditors in each of the cases will receive appropriate notice of pertinent matters. In addition, Solid Landings believes that joint administration of the five cases, including the use of a single pleadings docket, the combining of notices to creditors of the different estates, and the joint handling of purely administrative matters will aid in expediting the cases and rendering the process less costly, without prejudicing the substantive rights of any creditor. Among other things, the granting of the Motion will eliminate further need for the Debtors to file identical motions and orders in each of their cases when seeking relief that is common to all or some of the Debtors, will avoid the further waste of judicial resources related to, for example, the docketing of identical motions, declarations and orders in the each of the cases, and will permit the Debtors' estates to avoid the substantial copy costs and service costs associated with filing and serving motions and other pleadings in the cases that seek relief that is common to all of the Debtors. As a result, Solid Landings hereby respectfully submits that cause exists to grant the Motion.

**ADDITIONAL INFORMATION**

This Motion is based upon 11 U.S.C. § 105 and Rule 1015 of the Federal Rules of Bankruptcy Procedure, this Motion and the supporting Memorandum of Points and Authorities,

1 | the Omnibus Declaration of Katie S. Goodman (the Debtors' Chief Restructuring Officer) filed
2 | concurrently herewith, the arguments and statements of counsel made at the hearing on the
3 | Motion, and other admissible evidence properly brought before the Court.
4 |     In order to provide maximum notice of this Motion, concurrently with the filing of this
5 | Motion with the Court, Solid Landings has served the Motion upon the Office of the United
6 | States Trustee, all secured creditors and their counsel (if known), the 20 largest unsecured
7 | creditors of Solid Landings, and parties requesting special notice via overnight mail. Hard
8 | copies of this Motion are available upon request to proposed counsel for the Debtors, whose
9 | contact information is located on the upper-left hand corner of this Motion.
10 |     **WHEREFORE,** Solid Landings respectfully requests that the Court hold a hearing on
11 | the Motion and enter an order:
12 |     (1)    affirming the adequacy of the notice given;
13 |     (2)    authorizing the joint administration of Solid Landings' bankruptcy case with the
14 | bankruptcy cases of the other four (4) Debtors, with Solid Landings' bankruptcy case as the lead
15 | case;
16 |     (3)    approving the joint administration procedures proposed in the Motion, including
17 | the proposed form of caption; and
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 |

(4)   granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  June 1, 2017

SOLID LANDINGS BEHAVIORAL HEALTH, INC.

By: _____
DAVID L. NEALE
JULIET Y. OH
LEVENE, NEALE, BENDER,
    YOO & BRILL L.L.P.
Proposed Attorneys for Debtor and
Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. Background.

1. On June 1, 2017 (the "Petition Date"), Solid Landings Behavioral Health, Inc. ("Solid Landings"), a California corporation and the debtor and debtor-in-possession herein, filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). Solid Landings is continuing to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On the Petition Date, certain affiliates of Solid Landings, namely, Cedar Creek Recovery, Inc. ("Cedar Creek"), EMS Toxicology ("EMS Toxicology"), Silver Rock Recovery ("Silver Rock"), and Sure Haven, Inc. ("Sure Haven," and collectively with Solid Landings, EMS Toxicology, Cedar Creek, and Silver Rock, the "Debtors"), also filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and are therefore debtors and debtors-in-possession in related Chapter 11 bankruptcy cases pending before this Court.

3. Each of the Debtors, other than Sure Haven, is owned in equal proportions by three (3) shareholders, Stephen Fennelly, Elizabeth Perry, and Mark Shandrow. Sure Haven is also owned by a fourth shareholder, John Case, so that its ownership is as follows: (i) Stephen Fennelly – 33.34%; (ii) Elizabeth Perry – 33.33%; (iii) Mark Shandrow – 32.33%; and (iv) John Case – 1.0%. Based upon, among other things, the commonality of ownership among the Debtors, the Debtors have sought to have their Chapter 11 bankruptcy cases jointly administered.

4. The Debtors are providers of individualized 12-Step and alternative treatment programs for people suffering from substance abuse and mental health disorders, with facilities located in California, Nevada, and Texas. The "Solid Landings" brand was created in 2009, when the Debtors' shareholders opened their first sober living residence in Costa Mesa, California, which residence was operated by Sure Haven.

5.  Currently, Solid Landings serves as the corporate arm of the Debtors' enterprise, is the employer for all of the employees who provide services to the Debtors, and operates the corporate office located in Costa Mesa, California. EMS Toxicology operates a clinical laboratory facility located in Las Vegas, Nevada. The remaining three Debtors (*i.e.*, Cedar Creek, Silver Rock, and Sure Haven) operate a total of ten (10) residential, inpatient, outpatient, and sober living facilities – specifically, Cedar Creek operates a residential treatment facility located in Manor, Texas; Silver Rock operates one outpatient treatment facility and one inpatient treatment facility, both located in Las Vegas, Nevada; and Sure Haven operates five residential treatment facilities, one outpatient treatment facility, and one sober living facility.

6.  By the end of 2014, Sure Haven's program and its related California-based program through an affiliate entity called Rock Solid Recovery had grown to become fully licensed and accredited programs offering a full continuum of care – from detox services, residential primary treatment, intensive outpatient treatment, and sober living services – offering close to 100 client beds in the Costa Mesa, California area and employing approximately 700 employees.

7.  The Debtors' decentralized model (utilizing centralized outpatient treatment centers and multiple residential houses for detox and residential treatment services) presented operational inefficiencies with, among other things, staffing and patient transportation. In addition, the Debtors' programs attracted the attention of the City of Costa Mesa (the "City"), which in October 2014 enacted a city ordinance severely restricting the ability of the Debtors (and other similarly-situated operators) to operate their programs. As a result, in November 2014, Solid Landings filed suit against the City asserting that its ordinance was preempted by federal law and violated the Fair Housing Amendments Act, the Americans with Disabilities Act, and the Fourteenth Amendment to the United States Constitution. In April 2016, after years of costly litigation, Solid Landings made a business-driven decision to withdraw its pending legal proceedings against the City in exchange for an agreement by the City to suspend enforcement of the ordinance against Solid Landings and its affiliates. As part of its settlement with the City,

Solid Landings and its affiliates agreed to cease operating many of their facilities located in the City of Costa Mesa.

8. Notwithstanding the challenges faced by the Debtors in connection with their California-based programs, the Debtors continued to grow throughout 2015, and expanded their operations to Nevada and Texas using more centralized, single-facility models. The Debtors opened a facility in the Austin Texas area in May 2015 (which was operated by Cedar Creek), and opened a facility in Las Vegas, Nevada in June 2015 (which was operated by Silver Rock). Like Sure Haven in California, Cedar Creek and Silver Rock offered a full continuum of licensed and accredited detox, residential, and intensive outpatient substance abuse treatment services.

9. The Debtors also added toxicology testing services to their organization with the development of three (3) clinical laboratories, including a clinical laboratory located in Las Vegas, Nevada, which is operated by EMS Toxicology. Prior to the Petition Date, two of the laboratories were sold by the Debtors, leaving one open clinical laboratory (located in Las Vegas and operated by EMS Toxicology) as of the Petition Date.

10. As a result of the Debtors' expansion efforts, by September 2015, the Debtors' operations in California, Nevada and Texas offered more than 550 beds, serving more than 3,000 clients annually, and employed approximately 1,200 employees.

11. In the spring of 2015, the Debtors engaged an investment banking firm, Brentwood Capital Advisors ("Brentwood"), to seek either a sale or equity recapitalization of their businesses. Brentwood directed a full marketing process and received approximately 50 signed nondisclosure agreements and 6 letters of interest to acquire either a minority or majority position in the Debtors. Ultimately, however, Brentwood and the Debtors halted marketing efforts in December 2015 following challenges to complete a quality of earnings analysis.

12. In approximately November 2015, the Debtors obtained secured financing in the original principal sum of $7,500,000 from a third-party lender, CapStar Bank ("CapStar").

///

///

B. **Events Leading To Bankruptcy Filings.**

13. When the Debtors first began operating in 2009, client payments were primarily self/cash-pay. However, with the implementation of the Patient Protection and Affordable Care Act and with more individuals having access to behavioral health insurance benefits, by 2015, approximately 95% of the Debtors' revenue came from reimbursements from commercial insurance companies. Calendar year 2016 brought a marked decrease in reimbursement rates and slowdown in the timing of reimbursements from the insurance companies, with certain companies such as Cigna and Health Net ceasing payments altogether.

14. While the Debtors' revenues stagnated in 2015 and 2016, the Debtors' liabilities increased. In 2015 and 2016, multiple lawsuits were filed against the Debtors, including at least five (5) employee wage and hour lawsuits and a number of collection actions based upon, among other things, defaults by Sure Haven under a multi-million dollar lease agreement in the City of Long Beach and a multi-million dollar development project in Santa Ana, California (both of which were pursued to replace the facilities in Costa Mesa that were surrendered as part of Solid Landings' settlement with the City of Costa Mesa). As a result of the Debtors' financial difficulties and resulting cash flow problems, the Debtors were unable to keep current on their payment obligations to vendors and landlords.

15. Beginning in early 2016, in an effort to resolve the growing financial liabilities of the Debtors and stabilize their business operations, the Debtors took a number of proactive steps to streamline operations, significantly reduce expenses, increase revenues, and improve the rate and timing of collection of accounts receivables. During such period, Solid Landings brought in new senior management to implement the foregoing steps, recruiting Gerik Degner of Alpine Pacific Capital, LLC ("Alpine") to act as the President of Solid Landings and appointing an interim replacement financial executive.

16. Despite all of the Debtors' efforts, in June 2016, the Debtors defaulted on its loan obligations to CapStar. Subsequently, the Debtors and CapStar entered into a forbearance agreement to allow the Debtors an opportunity to pursue and consummate a sale of the Debtors'

Case 8:17-bk-12213-CB    Doc 2    Filed 06/01/17    Entered 06/01/17 15:39:03    Desc
Main Document    Page 10 of 15

businesses. Solid Landings again engaged Brentwood to assist in the marketing and sale of the Debtors' businesses, particularly those facilities operated by the Debtors in Texas and Las Vegas, Nevada. Although Brentwood reached out to 25 prospective buyers/investors throughout the month of August 2016 and received two letters of intent, the letters of intent were ultimately rejected as the sale terms proposed therein provided for deferred payment of the purchase price such that minimal proceeds would be immediately available to pay CapStar.

17. As a result of the Debtors efforts to "downsize" and streamline their business operations, by early 2017, the Debtors' operations in California, Nevada and Texas were reduced to 133 licensed beds in a total of ten (10) inpatient treatment, outpatient treatment, residential treatment, and sober living facilities, with a vastly decreased client census. The revenues generated by the Debtors' streamlined operations were insufficient to meet the debt obligations created by a much larger business enterprise, and the Debtors continued to fall behind on their obligations to their vendors and landlords.

18. As a result of the Debtors' continuing financial difficulties, shortly before the Petition Date, the Debtors retained a financial advisor, GGG Partners, LLC ("GGG"), to provide financial consulting services, including to, among other things, explore and pursue a potential going-concern sale of the Debtors' businesses and guide the Debtors through Chapter 11 bankruptcy proceedings. In conjunction with GGG's retention as financial advisor to the Debtors, Katie S. Goodman of GGG was brought in to act as Chief Restructuring Officer of the Debtors.

19. With the assistance of GGG, the Debtors undertook efforts to market the Debtors' businesses and assets for sale prior to the Petition Date. In connection with such efforts, the Debtors received, and ultimately executed on April 12, 2017, a letter of intent (the "Letter of Interest") from Alpine, pursuant to which Alpine expressed its interest in acquiring substantially all of the assets of the Debtors for aggregate consideration of approximately $9,050,000, free and clear of any interests, liens and liabilities except those expressly set forth in the Letter of Interest, through a sale conducted under 11 U.S.C. § 363.

20. Thereafter, the Debtors and Alpine, with the input of CapStar, negotiated the terms of and finalized a written asset purchase agreement which the Debtors and Alpine (or its designees) ultimately executed on June 1, 2017 (the "APA"). Accordingly, concurrently herewith, the Debtors have filed a motion seeking Court approval of the bidding procedures described in the APA, and intend to file a motion shortly seeking Court approval of the proposed sale of the Debtors' assets to Alpine, subject to overbid, pursuant to 11 U.S.C. § 363.

21. Through their bankruptcy cases, the Debtors intend to pursue and consummate the sale of their businesses and/or assets, free and clear of any interests, liens and liabilities, to Alpine (or a successful overbidder) in the most expeditious and cost-effective manner possible, in order to preserve and maximize the value of the Debtors' assets for the benefit of all creditors.

## II.   DISCUSSION

Solid Landings requests that the Court approve the joint administration of its bankruptcy estate with the bankruptcy estates of its affiliates, the other four (4) Debtors – *i.e.,* Cedar Creek, EMS Toxicology, Silver Rock, and Sure Haven. Specifically, Solid Landings requests that the Court approve the joint administration of the Debtors' bankruptcy estates and approve the implementation of the following procedures (collectively, the "Administration Procedures"):

1. One docket shall be maintained for the Debtors' bankruptcy cases, under the lead case number assigned to Solid Landings;

///
///
///
///
///
///
///
///
///

2. The caption of all pleadings, orders, and other papers filed shall be modified as follows to reflect the joint administration of the Debtors' cases:

| | | |
|---|---|---|
| In re | ) | Case No. 8:17-bk-12213-CB |
| | ) | |
| SOLID LANDINGS BEHAVIORAL HEALTH, INC., *et al.*, | ) ) | Joint Administered With: Case No. 8:17-bk-12218-CB |
| | ) | Case No. 8:17-bk-12221-CB |
| Debtors and Debtors in Possession. | ) | Case No. 8:17-bk-12222-CB |
| | ) | Case No. 8:17-bk-12223-CB |
| | ) | |
| __ Affects Cedar Creek Recovery, Inc. Only | ) | Chapter 11 |
| __ Affects EMS Toxicology Only | ) | |
| __ Affects Silver Rock Recovery Only | ) | |
| __ Affects Solid Landings Behavioral Health, Inc. Only | ) ) | DATE: TIME: |
| __ Affects Sure Haven, Inc. Only | ) | PLACE: Courtroom "5D" |
| __ Affects All Debtors | ) ) ) ) | 411 West Fourth Street Santa Ana, California |

3. Each of the Debtors shall file separate Schedules of Assets and Liabilities and Statements of Financial Affairs.

4. Proofs of claim filed by creditors of any of the Debtors shall reflect the caption and case number of the specific Debtor(s) to which the claim relates and in whose case(s) such claim is to be filed.

5. Separate claims registers shall be maintained for each of the Debtors.

6. One plan and disclosure statement may be filed for all of the Debtors' cases; however, substantive consolidation is not being requested at this time.

7. The Debtors shall be authorized to file the monthly operating reports required by the United States Trustee on a consolidated basis in a format acceptable to the United States Trustee.

Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") provides that the Court may order the joint administration of cases involving a debtor and an

11

affiliate[1] where such an order "may tend to avoid unnecessary costs and delay." Fed. R. Bankr. P. 1015(b)(4) and (c). Bankruptcy Rule 1015 is designed to promote the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. *See* 8 Collier on Bankruptcy ¶ 1015.03 (15th Ed. 1990); *In re Brookhollow Assocs.*, 435 F.Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"); *In re H&S Transportation Co.*, 55 B.R. 786 (Bankr. M.D. Tenn. 1985).

Unlike substantive consolidation which pools the assets and liabilities of related entities, joint administration is merely procedural; each of the bankruptcy estates of the five Debtors would remain a separate legal entity and creditors' individual rights against each estate would be preserved. *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (E.D. Ark. 1986); *In re Arnold*, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983).

Joint administration of the bankruptcy cases of the Debtors is warranted and appropriate under Bankruptcy Rule 1015(b). As noted above, all of the Debtors share common owners – *i.e.,* Stephen Fennelly, Elizabeth Perry, and Mark Shandrow.[2] As such, Solid Landings submits that each of the Debtors is an "affiliate" of each other as that term is defined in the Bankruptcy Code. *See* 11 U.S.C. § 101(2)(B). In addition, the business and financial affairs of the Debtors are sufficiently intertwined to make joint administration of their cases more efficient and economical than separate administration. Solid Landings believes that joint administration of the five bankruptcy cases, including the use of a single pleadings docket, the combining of notices to creditors of the different estates, and the joint handling of purely administrative matters will eliminate any potential confusion and waste associated with maintaining separate dockets, and will aid in expediting the cases and rendering the process less costly.

Further, Solid Landings believes that there would be no material prejudice to any creditor if its case is jointly administered with the other Debtors' cases. Creditors of the estates of the

---

[1] Solid Landings is an "affiliate" of Cedar Creek, EMS Toxicology, Silver Rock, and Sure Haven, as that term is defined in the Bankruptcy Code. *See* 11 U.S.C. § 101(2)(B).

[2] As noted above, Sure Haven is also owned in part by a fourth shareholder, John Case.

Debtors will benefit from the general reduction of administrative costs and fees but will continue to receive appropriate notice of pertinent matters. Moreover, to the extent any conflict between the estates arises, the Court may take further steps to modify its order of joint administration to eliminate any such conflict. In light of the foregoing, the Court should exercise its discretion under Bankruptcy Rule 1015(c) and order joint administration of the Debtors' cases.

As the entry of an order granting the Motion will eliminate the further need for the Debtors to file identical motions and orders in each of their cases when seeking relief that is common to all or some of the Debtors, joint administration will prevent the waste of judicial resources related to, for example, the docketing of identical motions, declarations and orders in each of the cases, and will permit the avoidance of substantial (and duplicative) copy costs and service costs to the estates associated with the filing and serving of motions and other pleadings in each of the cases. Based on the foregoing, Solid Landings hereby respectfully submits that joint administration is in the best interests of creditors and that cause exists to grant the Motion.

### III.    CONCLUSION

**WHEREFORE,** Solid Landings respectfully requests that the Court hold a hearing on the Motion and enter an order:

(1)    affirming the adequacy of the notice given;

(2)    authorizing the joint administration of Solid Landings' bankruptcy case with the bankruptcy cases of the other four (4) Debtors, with Solid Landings' bankruptcy case as the lead case;

(3)    approving the Administration Procedures, including the form of caption proposed herein; and

/ / /

/ / /

/ / /

/ / /

/ / /

(4)     granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  June 1, 2017

SOLID LANDINGS BEHAVIORAL HEALTH, INC.

By: _____
DAVID L. NEALE
JULIET Y. OH
LEVENE, NEALE, BENDER,
    YOO & BRILL L.L.P.
Proposed Attorneys for Debtor and
Debtor in Possession