MICHAEL I. GOTTFRIED (SBN 146689)
mgottfried@lgbfirm.com
ROYE ZUR (SBN 273875)
rzur@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for the Joint Committee of
Creditors Holding Unsecured Claims in
Solid Landings Behavioral Health, Inc.,
EMS Toxicology, and Sure Haven, Inc.

DAVID L. NEALE (SBN 141225)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DLN@LNBYB.com, JYO@LNBYB.com

Attorneys for Chapter 11 Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re

SOLID LANDINGS BEHAVIORAL
HEALTH, INC., *et al.*,

Debtors and
Debtors-In-Possession.

_____

☐ Affects Cedar Creek Recovery, Inc. Only
☐ Affects EMS Toxicology Only
☐ Affects Silver Rock Recovery Only
☐ Affects Solid Landings Behavioral Health, Inc. Only
☐ Affects Sure Haven, Inc. Only
☒ Affects All Debtors

Case No. 8:17-bk-12213-CB

Jointly Administered With:
Case No. 8:17-bk-12218-CB
Case No. 8:17-bk-12221-CB
Case No. 8:17-bk-12222-CB
Case No. 8:17-bk-12223-CB

Chapter 11

**JOINT PLAN OF LIQUIDATION OF SOLID LANDINGS BEHAVIORAL HEALTH, INC., AND ITS AFFILIATED DEBTORS, AND THE JOINT COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS IN SOLID LANDINGS BEHAVIORAL HEALTH, INC., EMS TOXICOLOGY, AND SURE HAVEN, INC., DATED NOVEMBER 1, 2017**

**Plan Confirmation Hearing Date and Time:**
Date: _____, 2017
Time: 10:00 a.m.
Place: 411 West Fourth Street
        Courtroom 5D
        Santa Ana, CA 92701

**I.**

**INTRODUCTION**

Solid Landings Behavioral Health, Inc., Sure Haven, Inc., Cedar Creek Recovery, Inc., a Silver Rock Recovery, EMS Toxicology (collectively, the "Debtors"), and the Joint Committee of Creditors Holding Unsecured Claims in Solid Landings Behavioral Health, Inc., EMS Toxicology, and Sure Haven, Inc. (the "Committee") jointly propose the following Chapter 11 plan of liquidation. The Debtors and the Committee are the proponents of the Plan (the "Plan Proponents") within the meaning of Bankruptcy Code section 1129.

This Plan contemplates the distribution of the proceeds of the liquidation of the Debtors' Assets, pursuit of various causes of action on behalf of the Debtors' estates, and the resolution of the outstanding Claims against and Equity Interests in the Debtors. Reference is made to the Disclosure Statement, distributed contemporaneously herewith, for a discussion of (i) the Debtors' history, business and operations, (ii) a summary and analysis of this Plan, and (iii) certain related matters, including risk factors relating to the consummation of this Plan. All Holders of Claims who are eligible to vote on the Plan are encouraged to read the Plan and the accompanying Disclosure Statement (including all exhibits thereto) in their entirety before voting to accept or reject the Plan. Subject to certain restrictions and requirements set forth in Bankruptcy Code section 1127 and Bankruptcy Rule 3019, the Plan Proponents reserve the right to alter, amend, modify, revoke, or withdraw this Plan prior to its substantial consummation.

The Plan is a liquidating plan. Pursuant to prior orders of the Bankruptcy Court, the Debtors have sold substantially all of their Assets. The Plan provides for the distribution of certain proceeds from that sale and the creation of a Liquidating Trust that will administer and liquidate all remaining property of the Debtors, including Causes of Action that were not released before the Effective Date of the Plan. The Plan further provides for substantive consolidation of the Debtors solely for purposes related to the Plan, the termination of all Equity Interests in the Debtors, the dissolution and wind-up of the affairs of the Debtors, and the transfer of any remaining Estate Assets to the Liquidating Trust. The Plan also provides for Distributions to certain Holders of Administrative Claims and Priority Claims and to other Claimholders and the funding of the

1

1   Liquidating Trust. The Liquidating Trust shall be responsible for making Distributions to Holders

2   of Claims, as well as all other administrative tasks necessary for ultimate resolution of the

3   Bankruptcy Cases, pursuant to the terms of the Plan and the Liquidating Trust Agreement.

4        No solicitation materials, other than the Disclosure Statement and related materials

5   transmitted therewith have been approved for use in soliciting acceptances and rejections of the

6   Plan. Nothing in the Plan should be construed as constituting a solicitation of acceptances of the

7   Plan unless and until the Disclosure Statement has been approved and distributed to all Holders of

8   Claims and Equity Interests to the extent required by Bankruptcy Code section 1125.

9        **ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN ARE**

10   **ENCOURAGED TO READ CAREFULLY THE DISCLOSURE STATEMENT**

11   **(INCLUDING ALL EXHIBITS THERETO) AND THE PLAN, EACH IN ITS ENTIRETY,**

12   **BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.**

13

14        - remainder of page intentionally left blank -

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## II.

### DEFINED TERMS AND RULES OF INTERPRETATION

#### A.    Rules of Construction

For purposes of this Plan, except as expressly provided herein or unless the context otherwise requires, all capitalized terms not otherwise defined, including those capitalized terms used in the preceding Introduction, shall have the meanings ascribed to them in Article II of this Plan or any Exhibit hereto.  Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.  To the extent that there is an inconsistency between a definition in this Plan and a definition set forth in the Bankruptcy Code, the definition set forth herein shall control.  Whenever the context requires, such terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine.

#### B.    Definitions

1.    **"Administrative Claim"** means a Claim for any cost or expense of administration of a kind specified in Section 503(b) of the Bankruptcy Code, including any actual and necessary costs and expenses of preserving the Bankruptcy Estates incurred on or after the Petition Date and through and including the Effective Date, fees due to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), and compensation for legal or other services and reimbursement of expenses allowed by the Bankruptcy Court under Sections 328, 330 and 331 of the Bankruptcy Code or otherwise.

2.    **"Administrative Claims Bar Date"** means the last date by which a request for payment of an Administrative Claim that arises after the Petition Date up to and through the Effective Date, may be filed, which date is thirty (30) days after the Effective Date; provided however, that Professional Fee Claims may be filed up to forty-five (45) days after the Effective Date.

3.    **"Administrative Claims Objection Deadline"** means the last day for filing an objection to any request for the payment of an Administrative Claim, which shall be the later of (a)

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

1    one hundred eighty (180) days after the Effective Date or (b) such other date specified in this Plan

2    or ordered by the Bankruptcy Court.  The filing of a motion to extend the Administrative Claims

3    Objection Deadline shall automatically extend the Administrative Claims Objection Deadline until

4    a Final Order is entered on such motion.  In the event that such motion to extend the Administrative

5    Claims Objection Deadline is denied by the Bankruptcy Court, the Administrative Claims

6    Objection Deadline shall be the later of the current Administrative Claims Objection Deadline (as

7    previously extended, if applicable) or thirty (30) days after the Bankruptcy Court's entry of an order

8    denying the motion to extend the Administrative Claims Objection Deadline.

9        4.    **"Affiliate"** has the meaning set forth in Section 101(2) of the Bankruptcy Code.

10        5.    **"Allowed"** or **"Allowed Amount"** means the amount in which any Claim or Interest

11    is allowed.  Unless otherwise expressly required by the Bankruptcy Code or the Plan, the Allowed

12    Amount of any Claim does not include interest on such Claim from or after the Petition Date.

13    "Allow" and "Allowing" shall have correlative meanings.

14        6.    **"Allowed Claim"** means a Claim or any portion thereof (a) that has been allowed by

15    a Final Order of the Bankruptcy Court (or such court as the Liquidating Trustee and the Holders of

16    any such Claim agree may adjudicate such Claim and any objections thereto); (b) that either (x) has

17    been Scheduled as a liquidated, non-contingent, and undisputed Claim in an amount greater than

18    zero on the Schedules, or (y) is the subject of a timely filed Proof of Claim as to which either (i) no

19    objection to its allowance has been filed (either by way of objection or amendment to the

20    Schedules) within the periods of limitation fixed by the Plan, the Bankruptcy Code, or by any order

21    of the Bankruptcy Court, or (ii) any objection to its allowance has been settled, waived through

22    payment, or withdrawn, or has been denied by a Final Order; or (c) that is expressly allowed in a

23    liquidated amount in the Plan or by the Liquidating Trustee in its sole and absolute discretion.  For

24    purposes of determining the status (i.e., Allowed or Disputed) of a particular Claim prior to the

25    expiration of the period fixed for filing objections to the allowance or disallowance of Claims, any

26    such Claim which has not been previously allowed or disallowed by a Final Order of the

27    Bankruptcy Court or the Plan shall be deemed a Disputed Claim unless such Claim is specifically

28    identified by the Plan Proponents and/or the Liquidating Trustee as being an Allowed Claim.

Landau Gottfried & Berger LLP
Attorneys at Law
Los Angeles, California

7.    **"Assets"** means all tangible and intangible assets of every kind and nature of the Debtors and their Estates, and all proceeds thereof, existing as of the Effective Date.

8.    **"Available Cash"** means any and all cash and cash equivalents owned or held by the Liquidating Trust available for payment of Claims after payment of Allowed Administrative Claims, and Allowed Priority Claims, and after reserving for all expenses incurred and anticipated to be incurred, including costs and expenses for legal or other services, as provided for in the Plan.

9.    **"Avoidance Actions"** means Causes of Action arising under Bankruptcy Code Sections 510, 541, 542, 544, 545, 547 through 551 and/or 553, or under related state or federal statutes and common law, including, without limitation, fraudulent transfer laws, whether or not litigation is commenced to prosecute such Causes of Action.

10.    **"Ballot"** means each of the ballot forms distributed to each Holder of a Claim or Equity Interest entitled to vote to accept or reject this Plan.

11.    **"Bankruptcy Cases"** or **"Cases"** mean the bankruptcy cases commenced by the Debtors' filing with the Bankruptcy Court of their Voluntary Petitions under Chapter 11 of the Bankruptcy Code.

12.    **"Bankruptcy Code"** means title 11 of the United States Code, as now in effect or hereafter amended and as applicable to the Bankruptcy Cases.

13.    **"Bankruptcy Court"** means the United States Bankruptcy Court for the Central District of California (Santa Ana Division) or any other court with jurisdiction over the Bankruptcy Cases.

14.    **"Bankruptcy Estates"** or **"Estates"** mean the estates created by the commencement of the Bankruptcy Cases and comprised of the property described in Section 541 of the Bankruptcy Code.

15.    **"Bankruptcy Rules"** means, collectively, the Federal Rules of Bankruptcy Procedure and the Official Bankruptcy Forms, as amended, the Federal Rules of Civil Procedure, as amended and as applicable to the Bankruptcy Cases on proceedings therein, as the case may be, and the Local Rules, as now in effect or hereafter amended.

16.    **"Business Day"** means any day, other than a Saturday, Sunday or a "legal holiday"

5

(as such term is defined by Bankruptcy Rule 9006(a)).

17.    **"CapStar"** means CapStar Bank.

18.    **"Cash"** means legal tender of the United States of America and equivalents thereof, which may be conveyed by check or wire transfer.

19.    **"Causes of Action"** means any and all claims, actions, proceedings, causes of action, Avoidance Actions, suits, accounts, controversies, agreements, promises, rights of action, rights to legal remedies, rights to equitable remedies, rights to payment and Claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law, equity or otherwise, that any Debtor and/or Estate may hold against any Person but excluding those released, exculpated or waived pursuant to this Plan.

20.    **"Claim"** has the meaning set forth in Bankruptcy Code section 101(5).

21.    **"Claimholder"** means the Holder of a Claim.

22.    **"Claims Bar Date"** means (a) with respect to Claims other than those held by governmental units, August 25, 2017; (b) with respect to Claims held by governmental units, November 28, 2017; and (c) with respect solely to Tax Claims held by governmental units which are unliquidated and undetermined and are subject to the filing of the Debtors' tax returns, the date which is sixty (60) days after of the filing date of any such tax returns.

23.    **"Claims Objection Deadline"** means the last day for filing objections to Claims, excluding all Administrative Claims and Professional Fee Claims, which day shall be the later of (a) 60 days after the Effective Date or (b) such other date as the Bankruptcy Court may order.  The filing of a motion to extend the Claims Objection Deadline shall automatically extend the Claims Objection Deadline until a Final Order is entered on such motion.  In the event that such motion to extend the Claims Objection Deadline is denied, the Claims Objection Deadline shall be the later of the current Claims Objection Deadline (as previously extended, if applicable) or thirty (30) days after the Bankruptcy Court's entry of an order denying the motion to extend the Claims Objection Deadline.

24.    **"Class 3 Liquidating Trust Interest"** means a non-certificated beneficial interest in

6

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  the Liquidating Trust granted to the Holders of Class 3 Claims, which shall entitle such Holder to a

2  Pro Rata share, calculated together with all Allowed General Unsecured Claims, of the Net

3  Liquidating Trust Proceeds after the payment in full of all Allowed Administrative Claims and

4  Allowed Non-Tax Priority Claims; provided, however, that in no event shall any Holder of an

5  Allowed General Unsecured Claim be entitled to receive payments that exceed the Allowed amount

6  of such Holder's General Unsecured Claim.

7  25.  **"Committee"** means the Joint Committee of Creditors Holding Unsecured Claims in

8  Solid Landings Behavioral Health, Inc., EMS Toxicology, and Sure Haven, Inc., appointed by the

9  Office of the United States Trustee on June 13, 2017.

10  26.  **"Confirmation"** means entry by the Bankruptcy Court of the Confirmation Order.

11  27.  **"Confirmation Date"** means the date on which the Clerk of the Bankruptcy Court

12  enters the Confirmation Order on the Bankruptcy Court docket in the jointly administered

13  Bankruptcy Cases.

14  28.  **"Confirmation Hearing"** means the hearing held by the Bankruptcy Court to

15  consider confirmation of the Plan, as such hearing may be adjourned or continued from time to

16  time.

17  29.  **"Confirmation Order"** means the order entered by the Bankruptcy Court

18  confirming the Plan under Bankruptcy Code section 1129.

19  30.  **"Consummation"** or **"Consummate"** means the performance by the applicable

20  party(ies) of the material obligations under the Plan following the Effective Date.

21  31.  **"Creditor"** means any Person who holds a Claim against one or more of the

22  Debtors.

23  32.  **"Debtors"** means Solid Landings Behavioral Health, Inc., Sure Haven, Inc., Cedar

24  Creek Recovery, Inc., a Silver Rock Recovery, EMS Toxicology, collectively.

25  33.  **"Disallowed"** means, with respect to a Claim, or any portion thereof, that such

26  Claim (a) has been disallowed by a Final Order, (b) is Scheduled at zero or as contingent, disputed

27  or unliquidated and as to which no Proof of Claim has been filed by the applicable Bar Date or

28  deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable

7

law, or (c) is not Scheduled, and as to which (i) no Proof of Claim has been filed by the applicable Bar Date or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable law, or (ii) no request for payment of an Administrative Claim has been filed by the Administrative Claims Bar Date, as appropriate, or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable law.

34.    **"Disbursing Agent"** means the Liquidating Trustee and/or any person retained by the Liquidating Trustee to effectuate Distributions.

35.    **"Disclosure Statement"** means the disclosure statement (including all exhibits and schedules thereto) relating to this Plan, distributed contemporaneously herewith in accordance with Bankruptcy Code Sections 1125 and 1126(b) and Bankruptcy Rule 3018.

36.    **"Disputed Claim"** means a Claim against the Debtors: (a) as to which a Proof of Claim has not been timely filed and that has been listed in the Debtors' Schedules as disputed, contingent or unliquidated; or (b) as to which an objection or adversary proceeding has been filed within the time fixed by the Bankruptcy Court and which objection or adversary proceeding has not been withdrawn or disposed of by a Final Order.

37.    **"Disputed Claims Reserve"** means the fund set aside for Disputed Claims and deposited into a segregated interest-bearing bank account maintained for the purpose of holding cash attributable to Disputed Claims and administered by the Liquidating Trust consistent with the provisions of Section 345 of the Bankruptcy Code.

38.    **"Distribution"** means any distribution pursuant to the Plan to the Holders of Allowed Claims.

39.    **"Distribution Date"** means any date on which a Distribution is made pursuant to the Plan.

40.    **"Effective Date"** means the first business day following the date on which the Confirmation Order becomes a Final Order.

41.    **"Estate(s)"** means, in the singular, the Chapter 11 estate of each Debtor created by Bankruptcy Code Section 541 and, in the plural, the jointly administered Chapter 11 estates of all of the Debtors.

8

42.    **"Exhibit"** means an exhibit annexed to either this Plan or as an appendix to the Disclosure Statement.

43.    **"Final Decree"** means the decree contemplated under Bankruptcy Rule 3022.

44.    **"Final Fee Applications"** means the final requests for payment of Professional Fee Claims.

45.    **"Final Order"** means an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in any of the Bankruptcy Cases or any related proceeding, the operation or effect of which has not been stayed, reversed, or amended and as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

46.    **"General Unsecured Claim"** means any unsecured Claim, in each case, that is not: (a) a Secured Claim; (b) a Priority Claim; (c) an Administrative Claim; or (d) a Subordinated Claim.

47.    **"Governmental Unit"** has the meaning set forth in Bankruptcy Code section 101(27).

48.    **"Holder"** means an entity holding a Claim or Interest.

49.    **"Intercompany Claim"** means any Claim held by a Debtor or any Affiliate against another Debtor, including, without limitation: (a) any account reflecting intercompany book entries by a Debtor with respect to another Debtor and/or Affiliate, (b) any Claim not reflected in such book entries that is held by a Debtor against another Debtor and/or Affiliate, and (c) any derivative Claim asserted by or on behalf of one Debtor and/or Affiliate against another Debtor.

50.    **"Interest"** means a share in the Debtors, whether or not transferable or denominated as "stock", or similar security, and a warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share in the Debtors or similar security.

51.    **"Liquidating Trust"** means the trust established under this Plan with the power and authority set forth in this Plan and the Liquidating Trust Agreement.

52.    **"Liquidating Trust Agreement"** means the agreement to be executed as of the

9

Effective Date establishing the Liquidating Trust pursuant to the Plan in substantially the form attached as Exhibit "1" to the Disclosure Statement.

53.    **"Liquidating Trust Assets"** means the proceeds received by the Debtors from the Sale, all Retained Assets and proceeds thereof, and all other assets that do not constitute Transferred Assets included in the Sale, including all claims and causes of action retained by the Debtors' Estates and not sold to the Buyers, which shall automatically vest in the Liquidating Trust on the Effective Date pursuant to the terms of this Plan.

54.    **"Liquidating Trust Professionals"** means the agents, financial advisors, attorneys, consultants, independent contractors, representatives, and other professionals of the Liquidating Trustee (in their capacities as such).

55.    **"Liquidating Trustee"** means Howard B. Grobstein, or any successor appointed pursuant to the Liquidating Trust Agreement.

56.    **"Local Rules"** means the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Central District of California.

57.    **"Net Liquidating Trust Proceeds"** means Available Cash and all other Cash proceeds received before and after the Effective Date in connection with or as a result of the assertion, litigation, or settlement of any Cause of Action, less any reasonable attorneys' fees and costs, other reasonable Professional fees and costs, and any other reasonable fees, costs and expenses incurred by the Liquidating Trustee and the Liquidating Trust Professionals.

58.    **"Non-Tax Priority Claim"** means a Claim, other than an Administrative Claim or Priority Tax Claim, which is entitled to priority in payment pursuant to Bankruptcy Code section 507(a) and not otherwise separately classified herein.

59.    **"Person"** has the meaning set forth in Bankruptcy Code Section 101(41).

60.    **"Petition Date"** means June 1, 2017, the date on which the Debtors filed their respective Voluntary Petitions under chapter 11 initiating the Bankruptcy Cases and on which date relief was ordered in the Bankruptcy Cases.

61.    **"Plan"** means this *Joint Plan of Liquidation of Solid Landings Behavioral Health, Inc., and Its Affiliated Debtors, and the Joint Committee of Creditors Holding Unsecured Claims in*

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Solid Landings Behavioral Health, Inc., EMS Toxicology, and Sure Haven, Inc., Dated October 24, 2017*, including any modification(s) hereof and/or amendment(s) hereto that comply with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

62.    **"Plan Proponents"** means the Debtors and the Committee.

63.    **"Priority Claims"** means, collectively, all Priority Tax Claims and Non-Tax Priority Claims.

64.    **"Priority Tax Claim"** means a Claim of a Governmental Unit of the kind specified in Bankruptcy Code Sections 502(i) or 507(a)(8).  Priority Tax Claims do not include any Claims for contribution or subrogation by any Affiliate.

65.    **"Professional"** means (a) any professional employed in the Bankruptcy Cases pursuant to Bankruptcy Code Sections 327, 328, or 1103 or otherwise, and (b) any professional or other entity seeking compensation or reimbursement of expenses in connection with the Bankruptcy Cases pursuant to Bankruptcy Code Section 503(b)(4).

66.    **"Professional Fee Claim"** means a Claim of a Professional for compensation for services rendered or reimbursement of costs, expenses, or other charges incurred after the Petition Date and prior to and including the Effective Date.

67.    **"Proof of Claim"** means a proof of claim filed on or before the General Bar Date or the Governmental Bar Date, as applicable, or such other date as ordered by the Bankruptcy Court.

68.    **"Pro Rata"** means, at any time, the proportion that the amount of an Allowed Claim in a particular Class bears to the aggregate amount of all Allowed Claims in such Class, unless the Plan provides otherwise.

69.    **"Purchase Agreement"** means, collectively, that certain Amended and Restated Asset Purchase Agreement, dated as of July 27, 2017, by and among the Debtors, CapStar, and the Purchasers, as approved pursuant to the Sale Order.

70.    **"Purchasers"** means Mark Shandrow, Elizabeth Perry, Stephen Fennelly, and Bristol SL Holdings, Inc.

71.    **"Retained Assets"** includes all assets identified in Section 2.02 of the Purchase Agreement.

11

72.    **"Sale Order"** means the *Order: (A) Granting Debtors' Motion for Entry of an Order (1) Authorizing Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Interests; (2) Authorizing the Debtors' Assumption and Assignment of Designated Unexpired Leases and Determining Cure Amounts; (3) Waiving the 14-Day Stay Periods Set Forth in Bankruptcy Rules 6004(h) and 6006(d); and (4) Granting Related Relief; and (B) Approving Stipulation by and Among Debtors, Joint Committee of Creditors Holding Unsecured Claims, CapStar Bank, and Shareholders Stephen Fennelly, Elizabeth Perry, and Mark Shandrow Resolving Objections to Debtors' Motion for Entry of Order (1) Authorizing Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Interests; (2) Authorizing the Debtors' Assumption and Assignment of Designated Unexpired Leases and Determining Cure Amounts; (3) Waiving the 14-Day Stay Periods Set Forth in Bankruptcy Rules 6004(h) and 6006(d); and (4) Granting Related Relief*, entered on August 4, 2017 [Docket No. 228.]

73.    **"Sale Transaction"** means that transaction whereby certain of the Debtors' assets were sold to the Purchasers as contemplated in the Purchase Agreement.

74.    **"Scheduled"** means, with respect to any Claim, the status, priority and amount, if any, of such Claim as set forth in the Schedules.

75.    **"Schedules"** means the schedules of assets and liabilities, the list of Holders of Interests, and the statements of financial affairs filed by the Debtors pursuant to Bankruptcy Code section 521 and the Bankruptcy Rules, as such schedules have been or may be further modified, amended or supplemented in accordance with Bankruptcy Rule 1009 or orders of the Bankruptcy Court.

76.    **"Secured Claim"** means any Claim (a) that is secured by a valid, perfected and enforceable Lien that is not subject to an Avoidance Action, in or upon any right, title or interest of any of the Debtors in and to property of the Estates, to the extent of the value of the Holder's interest in such property as of the relevant determination date or (b) that is subject to an offset right pursuant to Bankruptcy Code Section 553, to the extent of the amount subject to a valid setoff; which Claim shall be in an amount, including postpetition interest and any reasonable fees, costs or

12

charges to the extent permitted under Bankruptcy Code Section 506(b), that is agreed to in writing by the Holder and the Debtors or the Liquidating Trustee or is determined by the Bankruptcy Court pursuant to Bankruptcy Code Section 506(a).

77.    **"Subordinated Claim"** means any Claim held by CapStar.

78.    **"Taxes"** means any and all taxes, levies, imposts, assessments, or other charges of whatever nature imposed at any time by a Governmental Unit or by any political subdivision or taxing authority thereof or therein and all interest, penalties, or similar liabilities with respect thereto.

79.    "**Transferred Assets**" includes the assets listed in Section 2.01 of the Purchase Agreement.

80.    **"Unclassified Claims"** means Administrative Claims and Priority Tax Claims.

81.    **"Voting Deadline"** means the date and time, as fixed by an order of the Bankruptcy Court by which all Ballots to accept or reject the Plan must be received in order to be counted.

**C.    Computation of Time**

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**D.    Governing Law**

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) and except as otherwise provided herein or therein, the laws of (i) the State of California shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, and (ii) the laws of the state of incorporation of each Debtor shall govern corporate governance matters with respect to such Debtor, in either case without giving effect to the principles of conflicts of law thereof.

**III.**

**DEEMED SUBSTANTIVE CONSOLIDATION**

**A.    Deemed Consolidation and Effect Thereof**

On the Effective Date, the Estates shall be deemed consolidated for all purposes related to the Plan.  As a result of the deemed consolidation of the liabilities and properties of all the Debtors,

13

except as otherwise provided in this Plan, (a) the Bankruptcy Cases of all the Debtors shall be deemed consolidated into a single consolidated Case; (b) the Estate of each of the Debtors shall be deemed consolidated into one single consolidated Estate; (c) all property of the Estate of each Debtor shall be deemed to be property of the consolidated Estates; (d) all Claims against each Estate shall be deemed to be Claims against the consolidated Estates; (e) all Claims based upon prepetition unsecured guarantees by one Debtor in favor of any other of the Debtors (other than guarantees existing under any assumed executory contracts or unexpired leases) shall be eliminated, and no Distributions under this Plan shall be made on account of Claims based upon such guarantees; (f) for purposes of determining the availability of the right of setoff under Bankruptcy Code Section 553, the Debtors shall be treated as one consolidated Entity so that, subject to the other provisions of Section 553, prepetition debts due to any of the Debtors or any Affiliates may be set off against the prepetition debts of any other of the Debtors; (g) no Distributions under this Plan shall be made on account of any subsidiary Interests and/or Claims of any Affiliates; and (h) any Interests shall be subject and subordinate to the Claims against the consolidated Estate.

Deemed consolidation shall not merge or otherwise affect the separate legal existence of each Debtor or any Affiliate, other than with respect to Distribution rights under this Plan or as otherwise provided in this Plan.  Deemed consolidation shall have no effect on valid, enforceable and unavoidable liens, except for liens that secure a Claim that is eliminated by virtue of deemed consolidation and liens against collateral that are extinguished by virtue of deemed consolidation, and deemed consolidation shall not have the effect of creating a Claim in a class different from the class in which a Claim would have been placed in the absence of deemed consolidation.

Deemed consolidation shall not affect the obligation of each of the Debtors to pay statutory fees to the Office of the United States Trustee until such time as a particular Bankruptcy Case is closed, dismissed or converted.  Further, the deemed consolidation provided for herein shall not, other than for purposes related to the Plan and Distributions to be made hereunder, affect the legal and corporate structures of the Debtors or the rights and defenses of the Liquidating Trust pertaining to the Causes of Action.

**B.** **Plan as Motion for Approval of Deemed Consolidation**

The Plan constitutes a motion for deemed consolidation of the liabilities and properties of all the Debtors for purposes of Distribution.  The Confirmation of the Plan shall constitute approval of such motion by the Bankruptcy Court, and the Confirmation Order shall contain findings supporting and conclusions providing for deemed consolidation on the terms set forth in Section III.A. of this Plan.

## IV.

## CLASSIFICATION OF CLAIMS AND INTERESTS

### A.    General Rules of Classification

A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class and such Claim or Interest has not been paid, released, or otherwise settled prior to the Effective Date.  A Claim or Interest may be bifurcated and classified in other Classes to the extent that any portion of the Claim or Interest falls within the description of such other Classes.

### B.    Unclassified Claims

In accordance with Bankruptcy Code Section 1123(a)(1), Allowed Administrative Claims, Tax Claims and Professional Fee Claims have not been classified and are thus excluded from the Classes of Claims and Interests set forth in this Section IV.

### C.    Classified Claims and Interests

The chart below summarizes the classes of Claims and Equity Interests for all purposes, including voting, confirmation, and distribution pursuant to the Plan:

| Class | Claims | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Non-Tax Priority Claims | Unimpaired | Deemed to Accept |
| Class 2 | Secured Claims | Impaired | Entitled to Vote |
| Class 3 | All General Unsecured Claims Except Any Subordinated Claim | Impaired | Entitled to Vote |
| Class 4 | Subordinated Claim | Impaired | Entitled to Vote |
| Class 5 | Intercompany Claims Among the Debtors and any Affiliates | Impaired | Deemed to Reject |
| Class 6 | Equity Interests in the Debtors | Impaired | Deemed to Reject |

15

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**V.**

**TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS**

A.      **Class 1 (Non-Tax Priority Claims)**

      1.      **Classification:**

Class 1 consists of all Claims entitled to priority in right of payment under section 507(a) of the Bankruptcy Code, except Priority Tax Claims and Administrative Claims.

      2.      **Treatment:**

Except to the extent that a Holder of a Class 1 Claim agrees to a less favorable treatment, the legal, equitable, and contractual rights of holders of Class 1 Claims remain unaltered. Each Holder of an Allowed Class 1 Claim shall receive on the Effective Date or as soon thereafter as practicable, payment in full in cash up to the Allowed Amount of such Claim. Under section 1124(1) of the Bankruptcy Code, Class 1 is unimpaired. Therefore, under section 1126(f) of the Bankruptcy Code, the Holders of Claims in Class 1 are conclusively deemed to have accepted the Plan and are not entitled to vote on the Plan.

B.      **Class 2 (Secured Claims)**

      1.      **Classification:**

Class 2 consists of all Secured Claims. Class 2 is impaired by the Plan, and the holders of Class 2 Claims are entitled to vote on the Plan.

      2.      **Treatment:**

The Debtors are not aware of any secured capital lease claims or other secured claims. In the event that such claims are asserted and allowed, each such Claim shall be classified as a separate subclass under this Section. Any Holder of an Allowed Secured Claim shall be treated as follows: (i) the Holder collateral shall be returned to the Holder on the Effective Date in full satisfaction of such Holder's Allowed Secured Claim; and (ii) any Allowed deficiency Claim of the Holder shall be treated as a Class 3 Allowed General Unsecured Claim. The foregoing treatment shall be in full satisfaction of each Class 2 Holder's Allowed Secured Claim.

C.      **Class 3 (All General Unsecured Claims Except Subordinated Claim)**

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

16

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    **1.    Classification:**

2    Class 3 consists of all General Unsecured Claims not included or provided for in any other

3    class, but excluding Administrative Claims, Priority Claims, and the Subordinated Claim.  Class 3

4    is impaired by the Plan, and the holders of General Unsecured Claims are entitled to vote on the

5    Plan.

6    **2.    Treatment:**

7    On the later of: (a) the Effective Date; and (b) the fifteenth (15th) Business Day after such

8    General Unsecured Claim becomes an Allowed General Unsecured Claim, or, in either case, as

9    soon thereafter as is practicable as may be determined by the Liquidating Trustee, each Holder of an

10   Allowed General Unsecured Claim shall receive in full satisfaction, settlement, and release of and

11   in exchange for such Allowed General Unsecured Claim, a pro rata share of the Class 3 Liquidating

12   Trust Interests.  Holders of Allowed Class 3 General Unsecured Claims shall, thereafter, be entitled

13   to receive Distributions from the Liquidating Trust in accordance with the terms of this Plan and the

14   Liquidating Trust Agreement.

15   **D.    Class 4 (Subordinated Claim)**

16   **1.    Classification:**

17   Class 4 consists of the Subordinated Claim.  Class 4 is impaired by the Plan, and the Holder

18   of the Subordinated Claim is entitled to vote on the Plan.

19   **2.    Treatment:**

20   Except to the extent that the Holder of the Allowed Class 4 Subordinated Claim agrees to a

21   less favorable treatment, in full and final satisfaction, compromise, settlement, and release of and in

22   exchange for the Class 4 Claim, the Holder of the Allowed Class 4 Subordinated Claim shall

23   receive Distributions in the amount of its Pro Rata shares of Available Cash, after payment in full of

24   all Allowed Class 3 General Unsecured Claims.

25   **E.    Class 5 (Intercompany Claims Among the Debtors and Affiliates)**

26   **1.    Classification:**

27   Class 5 consists of all Intercompany Claims among the Debtors and Affiliates.  Class 5 is

28   impaired by the Plan, and the Holders of Intercompany Claims are deemed to reject the Plan are and

17

1  not entitled to vote on the Plan.

2         **2.     Treatment:**

3         In connection with, to the extent of and as a result of, the deemed substantive consolidation

4  of the Debtors' Estates for purposes of this Plan, on the Confirmation Date or such other date as

5  may be set by an order of the Bankruptcy Court, but subject to the occurrence of the Effective Date,

6  all Intercompany Claims by and between the Debtors and their Affiliates shall be deemed

7  eliminated, cancelled and/or extinguished, and the Holders of Class 5 Claims shall not be entitled

8  to, and shall not receive or retain any property or interest in property on account of such Claims.

9  **F.     Class 6 (Equity Interests)**

10         **1.     Classification:**

11         Class 6 consists of all Equity Interests in the Debtors.  Class 6 is impaired by the Plan, and

12  the Holders of Equity Interests are deemed to reject the Plan are and not entitled to vote on the Plan.

13         **2.     Treatment:**

14         On the Effective Date, all Equity Interests in the Debtors shall be cancelled and each Holder

15  thereof shall not be entitled to, and shall not receive or retain any property or interest in property on

16  account of, such Equity Interests.

17                              **VI.**

18                **TREATMENT OF UNCLASSIFIED CLAIMS**

19         In accordance with Bankruptcy Code section 1123(a)(1) of the Bankruptcy Code, certain

20  Claims have not been classified, and the respective treatment of such Unclassified Claims is set

21  forth immediately below.

22         **A.     Administrative Claims**

23         Except as otherwise provided herein, and subject to the requirements of this Plan, on, or as

24  soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following

25  the date an Administrative Claim becomes an Allowed Administrative Claim or (b) the date that is

26  ninety (90) days after the date on which such Administrative Claim becomes an Allowed

27  Administrative Claim, a Holder of an Allowed Administrative Claim against the Debtors shall

28  receive, in full and final satisfaction, settlement and release of and in exchange for such Allowed

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Administrative Claim, (a) Available Cash equal to the unpaid portion of such Allowed Administrative Claim or (b) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing; provided, however, that Allowed Administrative Claims with respect to liabilities incurred by a Debtor in the ordinary course of business during the Bankruptcy Cases may be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto (i) prior to the Effective Date, by the Debtors and (ii) subsequent to the Effective Date, by the Liquidating Trustee.

**B.    Priority Tax Claims**

Except to the extent that an Allowed Priority Tax Claim has been paid prior to the Distribution Date, a Holder of an Allowed Priority Tax Claim shall be entitled to receive, in full and final satisfaction, settlement and release of and in exchange for such Allowed Priority Tax Claim, (i) regular installment Available Cash payments, occurring not less frequently than quarterly over a period not exceeding five (5) years after the Petition Date, in an aggregate principal amount equal to the unpaid portion of such Allowed Priority Tax Claim, plus interest on the unpaid portion thereof at the rate provided under applicable non-bankruptcy law as set forth in Bankruptcy Code Section 511 from the Effective Date through the date of payment thereof; or (ii) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing; provided, however, that the Liquidating Trustee shall have the right to pay any Allowed Priority Tax Claim, or any remaining balance of any Allowed Priority Tax Claim, in full at any time on or after the Effective Date without premium or penalty.

**VII.**

**ACCEPTANCE OR REJECTION OF THE PLAN**

**A.    Impaired Classes of Claims Entitled to Vote**

Holders of Claims in each impaired class of Claims that will receive or retain any property under the Plan are entitled to vote to accept or reject the Plan, unless any such Class has been deemed to reject the Plan.  Classes 2, 3, and 4 are impaired as set forth in Section V.B, V.C., and V.D. of the Plan and have not been deemed to reject the Plan.  Accordingly, the votes of Holders of Claims in Class 2, Class 3, and Class 4 shall be solicited with respect to the Plan.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.** **Acceptance by an Impaired Voting Class**

In accordance with Bankruptcy Code Section 1126(c) and except as provided in Bankruptcy Code Section 1126(e), an Impaired Class of Claims shall have accepted the Plan if the Plan is accepted by the Holders of at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Claims of such Class that are entitled to vote and have timely and properly voted to accept or reject the Plan.

**C.** **Deemed Acceptance by Classes**

Claims in Class 1 are unimpaired under the Plan.  Under Bankruptcy Code Section 1126(f), Holders of such unimpaired Claims are conclusively presumed to have accepted the Plan and the votes of Holders of such unimpaired Claims shall not be solicited.

**D.** **Deemed Rejection by Classes**

Holders of Claims in Class 5 and the Holders of Interests in Class 6 are impaired and are not entitled to receive or retain any property under the Plan.  Under Bankruptcy Code Section 1126(g), Holders of Claims in Class 5 and Holders of Equity Interests in Class 6 are deemed to reject the Plan, and the votes of such Holders will not be solicited.

**E.** **Confirmation Pursuant to Bankruptcy Code Section 1129(b)**

The Plan Proponents request Confirmation of the Plan, as it may be modified from time to time, under the "cram down" procedures of Bankruptcy Code Section 1129(b).  The Plan Proponents reserve the right to alter, amend, or modify the Plan or any exhibit, in accordance with the provisions of the Plan, as necessary to satisfy the requirements of Bankruptcy Code Section 1129(b).

## VIII.

## MEANS FOR IMPLEMENTATION OF THE PLAN

**A.** **Overview**

This Plan provides for an orderly liquidation of the Debtors' Retained Assets for the benefit of Holders of Allowed Claims, in accordance with the terms and conditions of this Plan and the Liquidating Trust Agreement.  This article is intended to address the means by which the Debtors intend to effectuate the orderly liquidation of the Debtors' Retained Assets provided for by this Plan

and the Liquidating Trust Agreement and to fund the obligations to Holders of Allowed Claims undertaken in this Plan. This article provides information regarding the appointment of the Liquidating Trustee and the establishment of the Liquidating Trust from which Distributions to Holders of Allowed Claims will be made, the funding for the Liquidating Trust, and other material issues bearing upon the performance of this Plan. On the Effective Date, all of the Liquidating Trust Assets shall be transferred to, and shall vest in the Liquidating Trust, and shall be managed, administered and controlled by the Liquidating Trustee in accordance with the terms and conditions of this Plan. As of the Effective Date, no assets shall vest or remain vested in the Debtors.

### B. Deemed Substantive Consolidation for Plan Purposes

The Plan contemplates and is predicated upon entry of an order deeming the Debtors' Estates substantively consolidated for purposes of this Plan. On the Effective Date, (i) all Intercompany Claims by, between and among the Debtors *inter se* and any Affiliates shall be eliminated, (ii) all assets and liabilities of the Debtors shall be merged or treated as if they were merged with the assets and liabilities of the Debtors, (iii) any obligation of a Debtor and all guarantees thereof by one or more of the other Debtors shall be deemed to be one obligation of the Debtors, (iv) the Equity Interests shall be cancelled, and (v) each Claim filed or to be filed against any Debtor shall be deemed filed as a single Claim against and a single obligation of the Debtors. On the Effective Date, in accordance with the terms of the Plan, and the consolidation of the assets and liabilities of the Debtors, all Claims based upon guarantees of collection, payment, or performance made by the Debtors as to the obligations of another Debtor or any Affiliate shall be released and of no further force and effect. The foregoing shall not, and shall not be deemed to, prejudice the Causes of Action and the Avoidance Actions (subject to the releases set forth in Article XI of the Plan), which shall survive entry of the Confirmation Order for the benefit of the Debtors and their Estates, as if there had been no substantive consolidation.

The Plan and Disclosure Statement, jointly, shall serve as, and shall be deemed to be, a motion for entry of an order under Bankruptcy Rule 9019 and the deemed substantive consolidation of the Debtors for purposes of this Plan. If no objection to the Plan is timely filed and served by any Holder of an Impaired Claim affected by the Plan as provided herein on or before the Voting

Deadline or such other date as may be established by the Bankruptcy Court, the Confirmation Order will serve as the Order approving substantive consolidation pursuant to the terms of this Plan. If any such objections are timely filed and served, a hearing with respect to the Plan and the objections thereto shall be scheduled by the Bankruptcy Court, which hearing may, but is not required to, coincide with the Confirmation Hearing.

**C.      Release of Liens**

Except as otherwise provided in the Plan, the Confirmation Order, or in any document, instrument, or other agreement created in connection with the Plan, on the Effective Date, all mortgages, deeds of trust, liens, or other security interests against the property of the Estates shall be released.

**D.      Liquidating Trust**

**1.      Creation of Liquidating Trust**

On the Effective Date, the Liquidating Trust shall be established pursuant to the Liquidating Trust Agreement for the primary purpose of administering and liquidating the Liquidating Trust Assets and resolving Disputed Claims. The Liquidating Trustee shall sign the Liquidating Trust Agreement and accept all Assets of the Estates on behalf of the beneficiaries thereof, and be authorized to obtain, liquidate, and collect all of the Assets of the Estates not in its possession and pursue all of the Retained Assets. The Liquidating Trust will be deemed created and effective without any further action by the Bankruptcy Court or any party. The Liquidating Trust shall have no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.

**2.      Beneficiaries of Liquidating Trust**

The beneficiaries of the Liquidating Trust shall be the Holders of Allowed Claims entitled to Distributions under the Plan. Such beneficiaries shall be bound by the Liquidating Trust Agreement. The interests of the beneficiaries in the Liquidating Trust shall be uncertified and shall be nontransferable except upon death of the interest holder or by operation of law.

**3.      Vesting and Transfer of Assets to the Liquidating Trust**

Pursuant to Bankruptcy Code Section 1141(b), the Liquidating Trust Assets shall vest in the

22

Liquidating Trust on the Effective Date.  As of the Effective Date, all Assets vested in the Liquidating Trust and all Assets dealt with in the Plan, shall be free and clear of all liens, Claims and Interests except as otherwise specifically provided in the Plan or in the Confirmation Order.

### 4.  Certain Powers and Duties of Liquidating Trust and Liquidating Trustee.

#### a.  General Powers of Liquidating Trustee.

The Liquidating Trustee shall be the exclusive trustee of the assets of the Liquidating Trust for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3).  Pursuant to Bankruptcy Code Section 1123(b), the Liquidating Trustee shall be the successor to the Debtors for all purposes. Prior to the Effective Date, the Liquidating Trustee is authorized to take all reasonably necessary steps to prepare to administer the Liquidating Trust from and after the Effective Date, including, for the avoidance of doubt, retaining and compensating professionals pursuant to the provisions of the Plan.

#### b.  Investigation and Prosecution of Causes of Action

The Liquidating Trustee shall have the right to investigate the Debtors' assets as of the Effective Date, and, if appropriate, to assert any Cause of Action to recover for the benefit of Holders of Allowed Claims any asset or property of the Debtors transferred by the Debtors, or not disclosed by the Debtors in the Schedules or otherwise, and the right to file, litigate, prosecute, settle, adjust, enforce, collect or abandon on behalf of the Debtors and the Estates the Causes of Action is deemed automatically transferred on the Effective Date from the Debtors to the Liquidating Trust from and after the Effective Date.

The Liquidating Trustee shall have the right to file, litigate, prosecute, settle, adjust, enforce, collect and abandon all Causes of Action without any further order of the Bankruptcy Court, in accordance with the terms of this Plan.

#### c.  Books and Records

On the Effective Date, the Liquidating Trust shall: (i) take possession of all books, records, and files of the Debtors and their Estates; and (ii) provide for the retention and storage of such books, records, and files until such time as the Liquidating Trust determines, in accordance with the

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 Liquidating Trust Agreement, that retention of same is no longer necessary or required.

2 **d.  Investment Powers**

3 The powers of the Liquidating Trustee to invest any Cash that is held by the Liquidating

4 Trust, other than those powers reasonably necessary to maintain the value of the assets and to

5 further the Liquidating Trust's liquidating purposes, shall be limited to powers to invest in demand

6 and time deposits, such as short-term certificates of deposit, in banks or other savings institutions,

7 or other temporary liquid investments, such as treasury bills.  The Liquidating Trustee is prohibited

8 from continuing or engaging in the conduct of a trade or business, except to the extent reasonably

9 necessary to and consistent with the liquidating purpose of the Liquidating Trust and so long as

10 such activity does not materially alter or otherwise affect the tax status of the Liquidating Trust.

11 **e.  Fees and Expenses of Liquidating Trust Professionals**

12 On and after the Effective Date, subject to the terms of the Liquidating Trust Agreement, the

13 Liquidating Trustee may employ, without any need to give notice to any other party or to obtain any

14 approval of the Bankruptcy Court, Professionals to assist the Liquidating Trustee to perform its

15 duties under this Plan, as the Liquidating Trustee deems appropriate in the exercise of its discretion,

16 and any fees and costs incurred by such Professionals shall be borne solely by the Liquidating

17 Trust, and not by the Liquidating Trustee.  Any professional employed by the Liquidating Trustee

18 after the Effective Date shall be entitled to obtain payment of the professional's fees and costs, in

19 the ordinary course and without the approval of the Bankruptcy Court; provided, however, that such

20 fees and costs may be paid only in accordance with the provisions of the Liquidating Trust

21 Agreement.

22 **f.  Federal Income Tax Treatment of the Liquidating Trust; Tax**

23 **Reporting and Tax Payment Obligations**

24 For all federal income tax purposes, the Debtors, the Liquidating Trust beneficiaries, the

25 Liquidating Trustee and the Liquidating Trust shall treat the Liquidating Trust as a "liquidating

26 trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and IRS Revenue

27 Procedure 94-45, 1994-2 C.B. 124.  Consistent with the requirements of Revenue Procedure 94-45,

28 all relevant parties shall treat the transfer of the Liquidating Trust Assets to the Liquidating Trust as

24

a transfer of the Liquidating Trust Assets by the Debtors to the beneficiaries in satisfaction of their Allowed Claims, followed by a transfer of the Liquidating Trust Assets by the Liquidating Trust beneficiaries in exchange for their beneficial interests in the Liquidating Trust.  The Liquidating Trust beneficiaries shall be treated as the grantors and owners of the Liquidating Trust Assets for federal income tax purposes.  As soon as reasonably practicable after the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trustee shall make a good faith valuation of the Liquidating Trust Assets.  The Liquidating Trustee and the Liquidating Trust beneficiaries must value the Liquidating Trust Assets consistently with the values determined by the Liquidating Trustee for all U.S. federal income tax purposes.  Taxable income of the Liquidating Trust shall be allocated to the Liquidating Trust beneficiaries in accordance with each such beneficiary's Pro Rata share of the Liquidating Trust.  The Liquidating Trustee shall file with the IRS tax returns for the Liquidating Trust consistent with its classification as a grantor trusts pursuant to Treasury Regulation Section 1.671-4(a) and shall also send to each beneficiary a separate statement setting forth such beneficiary's share of items of Liquidating Trust income, gain, loss, deduction, or credit.

### g.  Compromising Claims

Pursuant to the Plan and the Liquidating Trust Agreement, as of the Effective Date, the Liquidating Trustee is authorized to approve compromises of the Causes of Action and all Claims, Disputed Claims, and Liens and to execute necessary documents, including Lien releases and stipulations of settlement or release, without notice to any party and without further order of the Bankruptcy Court, except as otherwise provided in the Liquidating Trust Agreement.

### h.  Other Rights, Powers, and Duties

In addition to the rights, powers, remedies, and duties granted to the Liquidating Trustee pursuant to Section VIII.D.4. of this Plan, the Liquidating Trustee shall have such other rights, powers and duties that are appropriate to implement and to carry out the provisions of this Plan, for the benefit of Holders of Allowed Claims, that are not inconsistent with the provisions of this Plan, all of which shall be set forth in the Liquidating Trust Agreement.

### 5.    <u>Term of the Liquidating Trust</u>

The Liquidating Trust shall terminate in accordance with the terms of the Liquidating Trust

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Agreement; provided, however, that in no event shall the Liquidating Trust be dissolved later than

2    five (5) years from the Effective Date unless the Bankruptcy Court, upon motion within the six-

3    month period prior to the fifth anniversary (or the end of any extension period approved by the

4    Bankruptcy Court), determines that a fixed period extension (not to exceed three (3) years, together

5    with any prior extensions, without a favorable letter ruling from the Internal Revenue Service that

6    any further extension would not adversely affect the status of the Liquidating Trust as a liquidating

7    trust for federal income tax purposes) is necessary to facilitate or complete the recovery and

8    liquidation of the Assets of the Liquidating Trust.

9    **E.    Continuing Effect of Existing Orders of the Bankruptcy Court**

10    The Bankruptcy Court has entered various orders, including the Sale Order, during the

11    pendency of the Bankruptcy Cases which shall remain in effect notwithstanding confirmation of the

12    Plan, and the Liquidating Trust shall continue to carry out the matters provided for under such

13    orders, as applicable.  The Debtors and the Committee reserve the right to move the Bankruptcy

14    Court to rule on and resolve any issues related to these orders.

15    Nothing in this Plan or the Disclosure Statement is intended to conflict with or derogate

16    from the provisions of the Sale Order or the Purchase Agreement.  In the event that any provision of

17    this Plan or the Disclosure Statement conflicts with the Sale Order or the Purchase Agreement, the

18    Sale Order or the Purchase Agreement, as applicable, shall control.

19    **F.    Exemption from Certain Transfer Taxes**

20    Pursuant to Bankruptcy Code Section 1146(a), any transfers from any of the Debtors to the

21    Liquidating Trust or to any other Person pursuant to the Plan in the United States shall not be

22    subject to any stamp tax or similar tax, and the Confirmation Order shall direct the appropriate state

23    or local governmental officials or agents to forgo the collection of any such tax or governmental

24    assessment and to accept for filing and recordation any of the foregoing instruments or other

25    documents without the payment of any such tax or governmental assessment.

26    **G.    Preservation of Causes of Action**

27    In accordance with Section 1123(b)(3) of the Bankruptcy Code or any corresponding

28    provision of similar federal or state laws, on and after the Effective Date, (a) the Liquidating

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Trustee shall be deemed to be a representative of the Debtors as the party in interest in the Bankruptcy Cases and any adversary proceeding in the Bankruptcy Cases, under the Plan or in any judicial proceeding or appeal as to which any of the Debtors is a party, and (b) the Liquidating Trustee shall retain all of the Causes of Action of the Debtors and their Estates, and other similar claims arising under applicable state laws, including, without limitation, Avoidance Actions, if any, and all other causes of action of a trustee and debtor in possession under the Bankruptcy Code.  The Liquidating Trustee and/or the Liquidating Trust may, in accordance with the Liquidating Trust Agreement and the terms of this Plan, enforce, sue on, settle or compromise (or decline to do any of the foregoing) any or all of the Causes of Action.

Unless a Cause of Action is expressly waived, relinquished, released, compromised, or settled in this Plan or in any Final Order, each Cause of Action is reserved for later adjudication by the Liquidating Trustee (including, without limitation, Causes of Action of which the Debtors or the Committee presently may be unaware, or which may arise or exist by reason of facts or circumstances unknown to the Debtors or the Committee at this time, or facts or circumstances which may change or be different from those which the Debtors or the Committee now believe to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply, based on the Disclosure Statement, this Plan, or the Confirmation Order, to the prosecution of Causes of Action.  Without limiting the generality of the foregoing, any entity with respect to which the Debtors have incurred an obligation, or which has received services from the Debtors or a transfer of money or property of the Debtors, or which has transacted business with the Debtors, should assume that such obligation, transfer, or transaction may be evaluated subsequent to the Effective Date and may be the subject of an Avoidance Action or other action or proceeding filed after the Effective Date.

The Plan Proponents have not concluded their investigation into all of the Causes of Action. Accordingly, in considering the Plan, each party in interest should understand that any and all Causes of Action that may exist against such Person or entity may be pursued by the Liquidating Trust and/or the Liquidating Trustee, regardless of whether, or the manner in which, such Causes of

27

1   Action are described in this Plan.  The failure of the Plan Proponents to list a claim, right, cause of

2   action, suit or proceeding shall not constitute a waiver or release by the Debtors or their Estates of

3   such claim, right of action, suit or proceeding.  The deemed substantive consolidation of the

4   Debtors and their Estates for purposes of this Plan shall not, and shall not be deemed to, prejudice

5   the Liquidating Trust with respect to any of the Causes of Action, which shall survive entry of the

6   Confirmation Order for the benefit of the Debtors and their Estates, and, upon the Effective Date,

7   for the benefit of the Liquidating Trust.

8        **H.**       **Termination of Boards and Officers**

9        On the Effective Date, the boards of directors of the Debtors shall be terminated and all of

10   the Debtors' officers (including the Debtors' chief restructuring officer), directors, independent

11   contractors and employees shall be deemed to have been terminated from their respective positions

12   with the Debtors.  Following the Confirmation Date and prior to the occurrence of the Effective

13   Date, the then-current officers and directors of each of the Debtors shall continue in their respective

14   capacities and, on behalf of the Debtors, shall execute such documents and take such other action as

15   is necessary to effectuate the actions provided for in this Plan.

16        **I.**       **Dissolution of the Debtors**

17        As of the Effective Date, the Liquidating Trustee shall be authorized and empowered to

18   dissolve the Debtors without any further action required on the part of the Debtors or the Debtors'

19   officers, directors, shareholders, and members.  Notwithstanding anything herein to the contrary,

20   the dissolution of any of the Debtors shall have no effect on the Debtors' selection of the Debtors'

21   Designee and the authority of such Debtors' Designee to perform the obligations designated to it by

22   the Debtors under this Plan.

23        **J.**       **Dissolution of the Committee**

24        On the Effective Date, the Committee shall be dissolved and the members thereof shall be

25   discharged from all further authority, duties, responsibilities and obligations related to or arising

26   from and in connection with the Bankruptcy Cases, and the retention or employment of the

27   Committee's Professionals and other agents shall terminate other than for purposes of filing and

28   prosecuting applications for final allowance of compensation for professional services rendered and

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

28

reimbursement of expenses incurred in connection therewith.

## IX.

## DISTRIBUTIONS

### A.    Liquidating Trustee as Disbursing Agent

The Liquidating Trustee shall make all Distributions required under this Plan, subject to the terms and provisions of this Plan and the Liquidating Trust Agreement.  The Liquidating Trustee shall be authorized and directed to rely upon the Debtors' books and records and its representatives and professionals in determining Allowed Claims entitled to Distribution under the Plan in accordance with the terms of the Plan.

### B.    Allowed Claims

The Liquidating Trustee shall only make Distributions to Holders of Allowed Claims.  No Holder of a Disputed Claim will receive any Distribution on account thereof until (and then only to the extent that) its Disputed Claim becomes an Allowed Claim.  The Liquidating Trustee may, in its discretion, withhold Distributions otherwise due hereunder to any Claimholder until the Claims Objection Deadline, to enable a timely objection thereto to be filed.  Any Holder of a Claim that becomes an Allowed Claim after the Effective Date will receive its Distribution in accordance with the terms and provisions of this Plan.

### C.    Distributions for Claims Allowed as of the Effective Date

Except as otherwise provided herein or as ordered by the Bankruptcy Court, all Distributions to be made on account of Claims that are Allowed Claims as of the Effective Date shall be made on the Distribution Date by the Liquidating Trustee.  Distributions on account of Claims that first become Allowed Claims after the Effective Date shall be made pursuant to the terms and conditions of this Plan.  Notwithstanding any other provision of the Plan to the contrary, no Distribution shall be made on account of any Allowed Claim or portion thereof that (i) has been satisfied after the Petition Date pursuant to an order of the Bankruptcy Court; (ii) is listed in the Schedules as contingent, unliquidated, disputed or in a zero amount, and for which a Proof of Claim has not been timely filed; or (iii) is evidenced by a Proof of Claim that has been amended by a subsequently filed Proof of Claim that purports to amend the prior Proof of Claim.

29

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### D.    Delivery of Distributions and Undeliverable or Unclaimed Distributions

#### 1.    Delivery of Distributions

Distributions to Holders of Allowed Claims shall be made by the Liquidating Trustee (a) at the addresses set forth on the Proofs of Claim filed by such Holders, (b) at the addresses set forth in any written notices of address changes delivered to the Liquidating Trustee after the date of any related Proof of Claim, (c) at the addresses reflected in the Schedules if no Proof of Claim has been filed and the Liquidating Trustee has not received a written notice of a change of address, (d) at the addresses set forth in the other records of the Debtors or the Liquidating Trustee at the time of the Distribution, or (e) in the case of the Holder of a Claim that is governed by an agreement and is administered by an agent or servicer, at the addresses contained in the official records of such agent or servicer.

The Liquidating Trustee may require any Claimant to furnish to the Liquidating Trustee (a) its employer or taxpayer identification number as assigned by the IRS, and (b) such other records or documents necessary to satisfy the Liquidating Trustee's tax reporting obligations (including, but not limited to, certificates of non-foreign status). The Liquidating Trustee may condition the payment of any Distribution to any Claimant upon receipt of such identification number and requested documents. If the Liquidating Trustee, after contacting the Claimant on two separate occasions, does not receive the requested employer or taxpayer identification number requested after providing 30 days' notice, the Claimant shall be deemed to have forfeited its interest in the Distribution and such amount shall become the property of the Liquidating Trust free of any restrictions thereon and notwithstanding any federal or state escheat laws to the contrary and shall be distributed in accordance with the terms of this Plan as Net Distributable Proceeds and this Liquidating Trust Agreement.

#### 2.    Undeliverable and Unclaimed Distributions

If the Distribution to any Holder of an Allowed Claim is returned to the Liquidating Trustee as undeliverable or is otherwise unclaimed, no further Distributions shall be made to such Holder unless and until the Liquidating Trustee is notified in writing of such Holder's then-current address, at which time all missed Distributions shall be made to such Holder without interest. Amounts in

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  respect of undeliverable Distributions made by the Liquidating Trustee shall be returned to the

2  Liquidating Trustee until such Distributions are claimed.  The Liquidating Trustee shall, with

3  respect to Cash, maintain in the Liquidating Trust Cash on account of undeliverable and unclaimed

4  Distributions until such time as a Distribution becomes deliverable, is claimed or is forfeited.  Any

5  Holder of an Allowed Claim that does not assert a Claim pursuant to this Plan for an undeliverable

6  or unclaimed Distribution within six (6) months after the last Periodic Distribution Date shall be

7  deemed to have forfeited its Claim for such undeliverable or unclaimed Distribution and shall be

8  forever barred and enjoined from asserting any such Claim for an undeliverable or unclaimed

9  Distribution against the Debtors and their Estates, the Liquidating Trustee, the Liquidating Trust,

10  and their respective agents, attorneys, representatives, employees or independent contractors, and/or

11  any of its and their property.  In such cases, any Cash otherwise reserved for undeliverable or

12  unclaimed Distributions shall become the property of the Liquidating Trust free of any restrictions

13  thereon and notwithstanding any federal or state escheat laws to the contrary and shall be

14  distributed in accordance with the terms of this Plan as Net Distributable Proceeds and the

15  Liquidating Trust Agreement.  Nothing contained in this Plan or the Liquidating Trust Agreement

16  shall require the Debtors, or the Liquidating Trustee to attempt to locate any Holder of an Allowed

17  Claim; provided, however, that in his sole discretion, the Liquidating Trustee may periodically

18  publish notice of unclaimed Distributions.

19  **3.    Means of Cash Payment**

20  Cash payments made pursuant to this Plan shall be in U.S. dollars and shall be made, on and

21  after the Effective Date, at the option and in the sole discretion of the Liquidating Trustee by (i)

22  checks drawn on or (ii) wire transfers from a domestic bank selected by the Liquidating Trustee.  In

23  the case of foreign creditors, Cash payments may be made, at the option of the Liquidating Trustee,

24  in such funds and by such means as are necessary or customary in a particular jurisdiction.

25  **4.    No Interest on Claims**

26  Unless otherwise specifically provided for in this Plan or the Confirmation Order, or

27  required by applicable bankruptcy law, postpetition interest shall not accrue or be paid on any

28  Claims, and no Claimholder shall be entitled to interest accruing on or after the Petition Date on any

1    Claim.  Interest shall not accrue or be paid upon any Disputed Claim in respect of the period from

2    the Petition Date to the date a final Distribution is made thereon if and after such Disputed Claim

3    becomes an Allowed Claim.

4              **5.        Withholding and Reporting Requirements**

5              In connection with this Plan and all Distributions under this Plan, the Liquidating Trustee

6    shall, to the extent applicable, comply with all tax withholding, payment, and reporting

7    requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all

8    Distributions under this Plan shall be subject to any such withholding, payment, and reporting

9    requirements.  The Liquidating Trustee shall be authorized to take any and all actions that may be

10   necessary or appropriate to comply with such withholding, payment, and reporting requirements.

11   All amounts properly withheld from Distributions to a Holder as required by applicable law and

12   paid over to the applicable taxing authority for the account of such Holder shall be treated as part of

13   the Distributions to such Holder.  All persons holding Claims shall be required to provide any

14   information necessary to effect information reporting and withholding of such taxes.  For example,

15   with respect to any employee-related withholding, if the Debtors are obligated by law to withhold

16   amounts from Distributions to a present or former employee to satisfy such present or former

17   employee's tax and other payroll obligations, the Liquidating Trustee may withhold a portion of the

18   Distributions allocated to the Holder of an Allowed Claim that is a present or former employee,

19   whether or not such Distributions are in the form of Cash, in such amount as is determined

20   necessary to satisfy such Holder's tax and other payroll obligations with respect to the

21   Distributions.

22            Notwithstanding any other provision of this Plan, (a) each Holder of an Allowed Claim that

23   is to receive a Distribution pursuant to this Plan shall have sole and exclusive responsibility for the

24   satisfaction and payment of any tax obligations imposed by any governmental unit, including

25   income, withholding, and other tax obligations, on account of such Distribution, and (b) no

26   Distribution shall be made to or on behalf of such Holder pursuant to this Plan unless and until such

27   Holder has made arrangements satisfactory to the Liquidating Trustee for the payment and

28   satisfaction of such withholding tax obligations or such tax obligation that would be imposed upon

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the Liquidating Trustee in connection with such Distribution.  Any property to be distributed pursuant to this Plan shall, pending the implementation of such arrangements, be treated as an undeliverable Distribution pursuant to Section IX.D.2. of this Plan.

**6.    Setoffs**

The Liquidating Trust may, but shall not be required to, setoff against any Claim (for purposes of determining the Allowed amount of such Claim on which Distribution shall be made), any claims of any nature whatsoever that the Estates or the Liquidating Trust may have against the Claim Holder, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Liquidating Trust of any such claim it may have against such Claim Holder.  Holders of Allowed Claims retain whatever rights to setoff they are otherwise entitled to assert under Bankruptcy Code Section 553.

**E.    De Minimis Distributions**

Except as otherwise provided in the Plan, the Liquidating Trustee shall not have any obligation to make a Distribution on account of an Allowed Claim if the amount to be distributed to the specific Holder of the Allowed Claim on the particular Periodic Distribution Date does not constitute a final Distribution to such Holder and such Distribution has a value less than $10.00. The Liquidating Trustee shall have no obligation to make any Distribution on Claims Allowed in an amount less than $100.00.

**F.    Fractional Dollars**

Any other provision of this Plan notwithstanding, the Liquidating Trustee shall not be required to make Distributions or payments of fractions of dollars.  Whenever any payment of a fraction of a dollar under this Plan would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down.

**G.    Distribution Record Date**

The Liquidating Trustee will have no obligation to recognize the transfer of or sale of any participation in any Allowed Claim that occurs after the close of business on the Distribution Record Date, and will be entitled for all purposes herein to recognize, deal with and distribute only

1  to those Holders of Allowed Claims who are record Holders of such Claims, or participants therein,

2  as of the close of business on the Distribution Record Date, as stated on the official claims register.

3  **X.**

4  **PROCEDURE FOR TREATING AND RESOLVING DISPUTED, CONTINGENT, AND/OR**

5  **UNLIQUIDATED CLAIMS**

6      **A.**      **Objection Deadline and Prosecution of Objections**

7          Except as set forth in the Plan with respect to Administrative Claims, all objections to

8  Claims must be filed and served on the Holders of such Claims by the Claims Objection Deadline,

9  as the same may be extended by the Bankruptcy Court.  If an objection has not been filed to a Proof

10  of Claim or the Schedules have not been amended with respect to a Claim that (i) was Scheduled by

11  the Debtors but (ii) was not Scheduled as contingent, unliquidated, and/or disputed, by the Claims

12  Objection Deadline, as the same may be extended by order of the Bankruptcy Court, the Claim to

13  which the Proof of Claim or Scheduled Claim relates will be treated as an Allowed Claim if such

14  Claim has not been allowed earlier.  Notice of any motion for an order extending the Claims

15  Objection Deadline shall be required to be given only to those persons or entities that have

16  requested notice in the Bankruptcy Cases, or to such persons as the Bankruptcy Court shall order.

17          From the Confirmation Date through the Claims Objection Deadline, any party in interest,

18  including the Liquidating Trustee, may file objections, settle, compromise, withdraw, or litigate to

19  judgment objections to Claims.  Subject to the terms of the Liquidating Trust Agreement, from and

20  after the Effective Date, the Liquidating Trustee may settle or compromise any Disputed Claim

21  without approval of the Bankruptcy Court.  Nothing contained herein, however, shall limit the right

22  of the Liquidating Trustee to object to Claims, if any, filed or amended after the Effective Date.

23      **B.**      **No Distributions on Disputed Claims**

24          Notwithstanding any other provision of the Plan or the Liquidating Trust Agreement, no

25  payments or Distributions shall be made with respect to all or any portion of a Disputed Claim

26  unless and until all objections to such Disputed Claim are resolved.

27      **C.**      **Distributions on Disputed Claims that Become Allowed Claims**

28          Distributions from the Liquidating Trust to each respective Claimholder on account of a

34

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Disputed Claim, to the extent that it ultimately becomes an Allowed Claim, shall be made in

2  accordance with provisions of the Plan that govern Distributions to such Claimholders.  Within

3  ninety (90) days after such Disputed Claim becomes an Allowed Claim, the Liquidating Trustee

4  will distribute to the Holder any Cash that would have been distributable to such Holder as if, at the

5  time of the making of any Distribution to the Class of which such Holder is a member, such Claim

6  had been an Allowed Claim and not a Disputed Claim.

7     **D.      Bar Date for Filing Avoidance Action Payment Claims**

8          Any Claim based upon or arising from an entity's payment  to the Liquidating Trust of a

9  claim asserted against such entity pursuant to an Avoidance Action shall be forever barred, shall not

10 be enforceable against the Debtors, the Estates, the Liquidating Trustee or the Liquidating Trust and

11 shall not be entitled to any Distribution under this Plan, unless a Proof of Claim for such Claim is

12 filed and served on the Liquidating Trustee within thirty (30) days after the later of (a) the date of

13 entry of the order of the Bankruptcy Court adjudging the entity's liability to the Debtors or to the

14 Liquidating Trust on account of such Avoidance Action, or (b) the Effective Date.

15                          **XI.**

16          **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

17    **A.      Rejected Contracts and Leases**

18          Except as otherwise provided in the Sale Order, the Confirmation Order or the Plan, the

19 Confirmation Order shall constitute an order under Bankruptcy Code section 365 rejecting all

20 prepetition executory contracts and unexpired leases to which any Debtor is a party, to the extent

21 such contracts or leases are executory contracts or unexpired leases, on and subject to the

22 occurrence of the Effective Date, unless such contract or lease (a) previously shall have been

23 assumed, assumed and assigned, or rejected by the Debtors, or (b) previously shall have expired or

24 terminated pursuant to its own terms before the Effective Date.

25    **B.      Retention of Property Rights**

26          To the extent that the Estates have obtained property rights under the executed portion of an

27 executory contract or unexpired lease, rejection of such agreement shall not constitute any

28 abandonment of any such property rights.

Landau Gottfried & Berger LLP
Attorneys at Law
Los Angeles, California

Landau Gottfried & Berger LLP
Attorneys at Law
Los Angeles, California

C.    **Bar Date for Filing Claims Based on Rejection Damages**

If the rejection of an executory contract or unexpired lease pursuant to Article X.A. above gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the applicable Debtor or its Estate, the Liquidating Trust, or their respective successors or properties unless a Proof of Claim is filed and served on the Liquidating Trust and counsel for the Liquidating Trustee within thirty (30) days after service of a notice of the Effective Date or such other date as is prescribed by the Bankruptcy Court.

**XII.**

**ALLOWANCE AND PAYMENT OF CERTAIN ADMINISTRATIVE CLAIMS**

A.    **Professional Fee Claims**

Final Fee Applications must be filed no later than forty-five (45) days after the Effective Date.  Objections, if any, to Final Fee Applications of such Professionals must be filed and served on the Liquidating Trustee and its respective counsel, the requesting Professional and the Office of the U.S. Trustee in accordance with the Local Rules.  After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court, the allowed amounts of such Professional Fee Claims shall be determined by the Bankruptcy Court.

B.    **Other Administrative Claims**

All other requests for payment of an Administrative Claim arising after the Petition Date up to and through the Effective Date, other than Professional Fee Claims, must be filed with the Court and served on counsel for the Plan Proponents no later than the Administrative Claims Bar Date. Unless the Liquidating Trustee or any other party in interest objects to an Administrative Claim by the Administrative Claims Objection Deadline, such Administrative Claim shall be deemed allowed in the amount requested.  In the event that the Liquidating Trustee or any other party in interest objects to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

**XIII.**

**RESERVATION OF JURISDICTION**

In addition to any reservation(s) of jurisdiction set forth in the Sale Order or in connection

36

with the Sale Transaction, the Bankruptcy Court shall have exclusive jurisdiction of the Bankruptcy

Cases: (a) to enforce the provisions, purposes, and intent of the Plan, including matters or

proceedings that relate to the Purchase Transaction and the Liquidating Trust Agreement; (b) to

determine the allowance or disallowance of Claims and Interests; (c) to hear and determine

proceedings initiated before or after the Confirmation Date and the Effective Date regarding the

prosecution of the Causes of Action or any other rights, Claims, causes of action or claims for relief

held by the Debtors and/or the Liquidating Trust against any party, including the recovery of

property and subordination of Claims and Interests; (d) to fix and approve allowance of

compensation and other Administrative Claims, including, if appropriate, payments to be made in

connection with the Plan; (e) to adjudicate controversies arising from the terms of the Plan; (f) to

hear and determine any proposed modifications of or amendments to the Plan to the extent

permitted by Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019; (g) to enforce or

interpret the provisions of the Plan, the Confirmation Order or any order entered by the Bankruptcy

Court in the Bankruptcy Cases; (h) to facilitate the consummation of the Plan; (i) to consider such

other matters as may be set forth in the Plan or the Confirmation Order; (j) to hear and determine

any Claim of any Persons of any nature whatsoever against the Committee's Professionals and/or

the Debtors' Professionals arising in or related to the Cases; (k) to determine any tax liability

pursuant to Section 505 of the Bankruptcy Code; and (l) to enter a Final Decree closing the

Bankruptcy Cases.  If closed, the Bankruptcy Cases may be reopened at any time to facilitate the

provisions of this Article.

## XIV.

## EFFECT OF CONFIRMATION

As of the Confirmation Date, the effect of the Confirmation Order shall be as provided in

Section 1141 of the Bankruptcy Code, and as follows:

### A.    Binding Effect of Plan

This Plan shall be binding upon and inure to the benefit of the Debtors, all present and

former Holders of Claims and Interests, and their respective successors and assigns, including, but

not limited to, the Liquidating Trust and the Liquidating Trustee.

B.      **Injunction**

EXCEPT AS PROVIDED EXPRESSLY TO THE CONTRARY IN THIS PLAN OR IN THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, ALL CREDITORS HOLDING ANY CLAIMS (INCLUDING, BUT NOT LIMITED TO, STATES AND OTHER GOVERNMENTAL UNITS, AND ANY STATE OFFICIAL, EMPLOYEE, OR OTHER ENTITY ACTING IN AN INDIVIDUAL OR OFFICIAL CAPACITY ON BEHALF OF ANY STATE OR OTHER GOVERNMENTAL UNIT) SHALL BE PERMANENTLY ENJOINED FROM THE FOLLOWING: (A) TAKING ANY OF THE FOLLOWING ACTIONS ON ACCOUNT OF ANY SUCH CLAIMS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING AGAINST THE LIQUIDATING TRUSTEE, ITS REPRESENTATIVES, THE LIQUIDATING TRUST OR THE LIQUIDATING TRUST ASSETS; (II) ENFORCING, ATTACHING, EXECUTING, COLLECTING, OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE LIQUIDATING TRUSTEE, ITS REPRESENTATIVES, THE LIQUIDATING TRUST OR THE LIQUIDATING TRUST ASSETS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN AGAINST THE LIQUIDATING TRUSTEE, ITS REPRESENTATIVES, THE LIQUIDATING TRUST OR THE LIQUIDATING TRUST ASSETS; AND (IV) COMMENCING OR CONTINUING ANY ACTION, IN ANY MANNER, IN ANY PLACE THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THIS PLAN; AND (B) TAKING ANY ACTS ON ACCOUNT OF ALL CAUSES OF ACTION THAT ARE VESTED IN, OR TRANSFERRED TO, THE LIQUIDATING TRUSTEE AS OF THE EFFECTIVE DATE, INCLUDING, WITHOUT LIMITATION, COMMENCING OR CONTINUING IN ANY MANNER ANY AVOIDANCE ACTION (*I.E.*, NO PARTY MAY PURSUE ANY CAUSES OF ACTION EXCEPT AS PROVIDED BY THIS PLAN).  ANY PERSON OR ENTITY INJURED BY ANY WILLFUL VIOLATION OF SUCH INJUNCTION SHALL RECOVER ITS ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES, AND, IN APPROPRIATE CIRCUMSTANCES, MAY

1  **RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR OF SUCH**

2  **INJUNCTION.**

3      **C.**      **Reservation of Powers**

4      Nothing in the Plan shall be deemed to have constituted a waiver of any powers held by the

5  Debtors as debtors in possession under the Bankruptcy Code, the Bankruptcy Rules or the Local

6  Rules.  The Liquidating Trust shall be vested with all powers granted by the Bankruptcy Code, the

7  Bankruptcy Rules and the Local Rules to a trustee or a debtor in possession, including those with

8  respect to recovery of property and objections to, and/or subordination of, Claims and Interests.

9      **D.**      **Exculpation**

10      **TO THE EXTENT PERMISSIBLE BY APPLICABLE LAW, INCLUDING, FOR**

11  **THE AVOIDANCE OF DOUBT, SECTION 1125(E) OF THE BANKRUPTCY CODE,**

12  **NONE OF THE DEBTORS, THE LIQUIDATING TRUST, THE LIQUIDATING**

13  **TRUSTEE, THE COMMITTEE, THE CURRENT AND FORMER MEMBERS OF THE**

14  **COMMITTEE (SOLELY IN THEIR CAPACITY AS SUCH) AND THEIR RESPECTIVE**

15  **OFFICERS, DIRECTORS, MEMBERS, MANAGERS, EMPLOYEES, ADVISORS,**

16  **ATTORNEYS, AGENTS, OR DIRECT AND INDIRECT AFFILIATES SHALL HAVE OR**

17  **SHALL INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR INTEREST, OR**

18  **ANY OTHER PARTY IN INTEREST, OR ANY OF THEIR RESPECTIVE DIRECTORS,**

19  **OFFICERS, MEMBERS, AGENTS, EMPLOYEES, REPRESENTATIVE, FINANCIAL**

20  **ADVISORS, ATTORNEYS OR AFFILIATES OR ANY OF THEIR PREDECESSORS,**

21  **SUCCESSORS, OR ASSIGNS, FOR ANY ACT OR OMISSION IN CONNECTION WITH,**

22  **RELATING TO, OR ARISING OUT OF, THE BANKRUPTCY CASES, THE**

23  **NEGOTIATION AND PURSUIT OF CONFIRMATION OF THE PLAN, OR**

24  **CONFIRMATION OF THE PLAN, EXCLUDING THE OBLIGATIONS OF SUCH**

25  **PERSONS UNDER THE PLAN AND THE LIQUIDATING TRUST AGREEMENT, AS**

26  **APPLICABLE, AND ANY ACTS OR OMISSIONS OF ANY PERSON COVERED BY THIS**

27  **SECTION CONSTITUTING WILLFUL MISCONDUCT, GROSS NEGLIGENCE, FRAUD**

28  **OR BAD FAITH, AND IN ALL RESPECTS SUCH PERSONS SHALL BE ENTITLED TO**

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 **RELY ON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND**

2 **RESPONSIBILITIES UNDER THE PLAN.**

3                                             **XV.**

4                                    **MISCELLANEOUS**

5        **A.        Plan Interpretation**

6        The headings contained in the Plan are for convenience of reference only and shall not limit

7 or otherwise affect in any way the meaning or interpretation of the Plan.  All references in the Plan

8 to the singular shall be construed to include references to the plural and vice versa.  All references

9 in the Plan to any one of the masculine, feminine or neuter genders shall be deemed to include

10 references to both other such genders.  All references in the Plan to a Section or an Article shall

11 mean the appropriately numbered Section or Article of the Plan.  Whenever the Plan uses the term

12 "including," such reference shall be deemed to mean "including, but not limited to."

13        **B.        Modification**

14        The Plan Proponents may propose amendments to or modifications of the Plan under

15 Section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019 at any time prior to the

16 conclusion of the hearing on Confirmation of the Plan.  After the Confirmation Date, the

17 Liquidating Trust may modify the Plan in accordance with Section 1127(b) of the Bankruptcy Code

18 and Bankruptcy Rule 3019.

19        **C.        Notices**

20        All notices required or permitted to be made in accordance with the Plan shall be in writing

21 and shall be delivered personally or by first class mail, to Howard B. Grobstein, Liquidating

22 Trustee, c/o Landau Gottfried & Berger LLP, Attn:  Michael I. Gottfried, 1801 Century Park East,

23 Suite 700, Los Angeles, CA 90067

24        Notices shall be deemed given when delivered or deposited in the United States mail.  Any

25 entity may change the address at which such entity is to receive notices under the Plan by sending

26 written notice to the then current list of Notice Parties.

27        **D.        Withdrawal of Plan**

28        Upon mutual agreement between them, the Plan Proponents each reserve the right to

1 withdraw the Plan before the Confirmation Date.

2 **E.     Successors and Assigns**

3 The rights, benefits, and obligations of any entity referred to in the Plan shall be binding on,

4 and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of that entity.

5 **F.     Payment of Statutory Fees**

6 All fees then due and payable pursuant to 28 U.S.C. § 1930, as determined by the Court at

7 the Confirmation Hearing, shall be paid on or before the Effective Date by the Debtors.  All such

8 fees that become due and payable thereafter by a Debtor shall be paid by the Liquidating Trustee.

9 The Liquidating Trustee shall pay quarterly fees to the U.S. Trustee until the Bankruptcy Cases are

10 closed or converted and/or the entry of final decrees.  The Debtors, through the Liquidating Trust,

11 shall file post-confirmation quarterly reports or any pre-confirmation monthly operating reports not

12 filed as of the Confirmation Hearing in conformance with the U.S. Trustee Guidelines.  The U.S.

13 Trustee shall not be required to file a request for payment of its quarterly fees, which shall be paid

14 by the Debtors and/or the Liquidating Trustee.

15 **G.     Saturday, Sunday, and Legal Holiday**

16 If any payment or act under the Plan should be made or performed on a day that is not a

17 Business day, then the payment or act may be completed the next succeeding day that is a Business

18 day, in which event the payment or act shall be deemed to have been completed on the required day.

19 **H.     Reservation of Rights**

20 Neither the filing of the Plan nor any statement or provision contained in the Plan or in the

21 Disclosure Statement, nor the taking by any party in interest of any action with respect to the Plan,

22 shall: (a) be or be deemed to be an admission against interest; and (b) until the Effective Date, be or

23 be deemed to be a waiver of any rights any party in interest may have (i) against any other party in

24 interest, or (ii) in any of the assets of any other party in interest, and, until the Effective Date, all

25 such rights are specifically reserved.  In the event that the Plan is not confirmed or fails to become

26 effective, neither the Plan nor the Disclosure Statement nor any statement contained in the Plan or

27 in the Disclosure Statement may be used or relied upon in any manner in any suit, action,

28 proceeding or controversy within or without these Bankruptcy Cases involving the Debtors, except

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

41

with respect to Confirmation of the Plan.

## XVI.

## RECOMMENDATION AND CONCLUSION

The Debtors and the Committee believe that confirmation of this Plan is in the best interests of creditors because, in the view of the Debtors and the Committee, this Plan will provide to creditors a favorable recovery on their Allowed Claims and represents the best alternative available to creditors under the circumstances of the Bankruptcy Cases. Accordingly, the Debtors and the Committee urge creditors to vote to accept this Plan.

DATED: November 1, 2017              **SOLID LANDINGS BEHAVIORAL HEALTH, INC.**

By: _____
    Katie S. Goodman
    Chief Restructuring Officer

DATED: November 1, 2017              **SURE HAVEN, INC.**

By: _____
    Katie S. Goodman
    Chief Restructuring Officer

DATED: November 1, 2017              **CEDAR CREEK RECOVERY, INC.**

By: _____
    Katie S. Goodman
    Chief Restructuring Officer

DATED: November 1, 2017              **SILVER ROCK RECOVERY**

By: _____
    Katie S. Goodman
    Chief Restructuring Officer

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

42

1  DATED:  November 1, 2017                **EMS TOXICOLOGY**

2

3                                          By: _____
                                               Katie S. Goodman
4                                              Chief Restructuring Officer

5

6  DATED:  November 1, 2017                **JOINT COMMITTEE OF CREDITORS
                                           HOLDING UNSECURED CLAIMS IN SOLID
7                                          LANDINGS BEHAVIORAL HEALTH, INC.,
                                           EMS TOXICOLOGY, AND SURE HAVEN, INC.**

8

9                                          By: _____
                                               Blue Cross of California, dba Anthem Blue
10                                             Cross, by Steven M. Cohen, Committee
                                               Chairperson
11

   Respectfully presented by:
12

13  **LANDAU GOTTFRIED & BERGER LLP**
    Michael I. Gottfried
14  Roye Zur

15

    By: _____
16  Attorneys for Committee of Unsecured Creditors

17

18  **LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
    David L. Neale
19  Juliet Y. Oh

20

    By: _____
21  Attorneys for Debtors

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  DATED: November 1, 2017                    **EMS TOXICOLOGY**

2

3                                             By: _____
                                                 Katie S. Goodman
4                                                Chief Restructuring Officer

5
   DATED: November 1, 2017                    **JOINT COMMITTEE OF CREDITORS**
6                                             **HOLDING UNSECURED CLAIMS IN SOLID**
                                              **LANDINGS BEHAVIORAL HEALTH, INC.,**
7                                             **EMS TOXICOLOGY, AND SURE HAVEN, INC.**

8

9                                             By: _____
                                                 Blue Cross of California, dba Anthem Blue
10                                               Cross, by Steven M. Cohen, Committee
                                                 Chairperson
11 Respectfully presented by:

12

13 **LANDAU GOTTFRIED & BERGER LLP**
   Michael I. Gottfried
14 Roye Zur

15
   By: _____
16 Attorneys for Committee of Unsecured Creditors

17

18 **LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
   David L. Neale
19 Juliet Y. Oh

20
   By: _____
21 Attorneys for Debtors

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU GOTTFRIED & BERGER LLP, 1801 Century Park East, Suite 700, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled (specify): _**Joint Plan of Liquidation of Solid Landings Behavioral Health, Inc., and Its Affiliated Debtors, and the Joint Committee of Creditors Holding Unsecured Claims in Solid Landings Behavioral Health, Inc., EMS Toxicology, and Sure Haven, Inc., Dated November 1, 2017**_
will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **November 1, 2017,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) **November 1, 2017,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

Susan Goodman
Mesch Clark Rothschild
259 North Meyer Avenue
Tucson, AZ 85701

David L. Neale
Juliet Y. Oh
Jeffrey S. Kwong
Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067

CCK Strategies, PLLC
PO Box 26253
Overland Park,, KS 66225

GGG Partners, LLC
Attn: Katie S. Goodman
3155 Roswell Road NW,
Suite 120
Atlanta, GA 30305

Lewis Brisbois Bisgaard & Smith LLP
Attn: David M. Samuels
633 West 5th Street, Suite 4000
Los Angeles, CA 90071

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)_____I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 1, 2017 | Sarah Richmond | _Signature_ |
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued)**</u>:

- **Franklin C Adams**   franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com
- **Adam N Barasch**   anb@severson.com, dgl@severson.com;efiling@severson.com
- **Joseph Corrigan**   Bankruptcy2@ironmountain.com
- **Jennifer Witherell Crastz**   jcrastz@hemar-rousso.com
- **Christine R Etheridge**   christine.etheridge@ikonfin.com
- **Jeffrey K Garfinkle**   jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- **Nancy S Goldenberg**   nancy.goldenberg@usdoj.gov
- **Michael I Gottfried**   mgottfried@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;njanbay@lgbfirm.com
- **Mark S Horoupian**   mhoroupian@sulmeyerlaw.com,
  ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com
- **Tae-Yoon Kim**   tae.kim@cellinoandbarnes.com
- **Stuart I Koenig**   Skoenig@leechtishman.com, sfrey@leechtishman.com;jabrams@leechtishman.com
- **Scott A Kron**   scott@kronandcard.com
- **Jeffrey S Kwong**   jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- **Mohammed Lala**   mohammed.lala@aissolution.com
- **William K Mills**   mills@parkermillsllp.com, sally@parkermillsllp.com
- **Randall P Mroczynski**   randym@cookseylaw.com
- **David L. Neale**   dln@lnbyb.com
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Juliet Y Oh**   jyo@lnbrb.com, jyo@lnbrb.com
- **Shawn Shaffie**   shaffie@parkermillsllp.com, rodriguez@parkermillsllp.com
- **Valerie Smith**   claims@recoverycorp.com
- **Randye B Soref**   rsoref@polsinelli.com, acruickshank@polsinelli.com
- **Eugenia L Steele**   , EUGLYNN@ME.COM
- **Cathy Ta**   cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Michael D Vanlochem**   janguiano@vandc.net
- **S Christopher Yoo**   cyoo@alvaradosmith.com, sstclair@alvaradosmith.com
- **Roye Zur**   rzur@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;njanbay@lgbfirm.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          **F 9013-3.1.PROOF.SERVICE**